UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE HARTFORD ROMAN CATHOLIC DIOCESAN CORPORATION | : : | |
| | : | CIVIL ACTION NO. 3:12-CV-01641 (JBA) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| INTERSTATE FIRE & CASUALTY COMPANY | : : | |
| | : | |
| Defendant. | : | JANUARY 11, 2013 |

## ANSWER AND AFFIRMATIVE DEFENSES

## INTRODUCTORY STATEMENT

1.       Paragraph 1, Introductory Statement, seeks to summarize the Complaint and states

legal conclusions to which no response is necessary.  To the extent a response is necessary, the

allegations are denied.  Further answering, the Complaint speaks for itself.

### I.       PARTIES

2.       Interstate has insufficient knowledge or information upon which to form a belief

and, therefore, leaves the Plaintiff to its proof.

3.       Paragraph 3 is admitted.

### II.       JURISDICTION AND VENUE

4.       Paragraph 4 is admitted.

5.       Paragraph 5 is admitted.

### III.    STATEMENT OF FACTS

6.     Interstate admits that it issued excess general liability indemnity coverage to the Archdiocese for the period from September 1, 1978 until September 1, 1985 (the "Interstate Policies").  The remaining allegations of Paragraph 6 are admitted.

7.     Interstate responds that the Interstate Policies' speak for themselves.

8.     Interstate responds that the Interstate Policies' speak for themselves.

9.     Interstate responds that the Interstate Policies' speak for themselves.

10.    Interstate responds that the Interstate Policies' speak for themselves.

11.    Interstate responds that the Interstate Policies' speak for themselves.

**Underlying Insurance**

12.    Paragraph 12 is admitted.

13.    Interstate responds that the Lloyd's Policy speaks for itself.

14.    Interstate responds that the Lloyd's Policy speaks for itself.

15.    Interstate responds that the Lloyd's Policy speaks for itself.

16.    Interstate responds that the Lloyd's Policy speaks for itself.

17.    Interstate responds that the Lloyd's Policy speaks for itself.

18.    Interstate responds that the Lloyd's Policy speaks for itself.

19.    Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

**The Underlying Claims**

20.    Interstate admits that claims for damages have been asserted against the Archdiocese in which the claimant alleged sexual misconduct of priests of the Archdiocese.  As

-2-

to the remaining allegations contained in Paragraph 20, Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

21.     Interstate admits that the Archdiocese had defended and settled some claims asserted against it alleging sexual misconduct of priests of the Archdiocese.  Interstate further admits that it has made payments on some of those claims.

22.     Paragraph 22 is denied.

**The RM Case**

23.     Interstate admits that, in or about August 2006, the Archdiocese, through counsel, notified Interstate of a claim for damages asserted by RM against the Archdiocese and Ivan Ferguson, a priest of the Archdiocese, alleging that Fr. Ferguson sexually abused RM.  As to the remaining allegations contained in Paragraph 23, Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

24.     Interstate admits that, in or about October 2007, RM brought a lawsuit against the Archdiocese.   The allegations of the Complaint filed in said lawsuit speak for themselves.

25.     Interstate admits that, in or about August 2006, the Archdiocese, through counsel, notified Interstate of the RM claim. As to the remaining allegations contained in Paragraph 25, Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

26.     Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

27.     Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

28.     Paragraph 28 is denied.

29.    Paragraph 29 is denied.

30.    Paragraph 30 is denied.

**The KS Claim**

31.    Interstate admits that, in or about October 2007, the Archdiocese, through counsel, notified Interstate of a claim for damages asserted by KS against the Archdiocese and Stephen Crowley, a priest of the Archdiocese, alleging that Fr. Crowley sexually abused KS.  As to the remaining allegations contained in Paragraph 31, Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

32.    Interstate admits that, in or about October 2007, the Archdiocese, through counsel, notified Interstate of the KS claim. As to the remaining allegations contained in Paragraph 32, Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

33.    Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

34.    Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

35.    Paragraph 35 is denied.

36.    Paragraph 36 is denied.

37.    Paragraph 37 is denied.

**The JA Claim**

38.    Interstate admits that, in or about June 2008, the Archdiocese, through counsel, notified Interstate of a claim for damages asserted by JA against the Archdiocese and Robert Ladamus, a priest of the Archdiocese, alleging that Fr. Ladamus sexually abused JA.  As to the

remaining allegations contained in Paragraph 38, Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

39.     Interstate admits that, in or about June 2008, the Archdiocese, through counsel, notified Interstate of the JA claim.  As to the remaining allegations contained in Paragraph 39, Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

40.     Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

41.     Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

42.     Paragraph 42 is denied.

43.     Paragraph 43 is denied.

44.     Paragraph 44 is denied.

**The Matthew Doe Case**

45.     Interstate admits that, in or about June 2008, the Archdiocese, through counsel, notified Interstate of a lawsuit filed by Matthew Doe against the Archdiocese and Ivan Ferguson, a priest of the Archdiocese.  The allegations of the Complaint filed in said lawsuit speak for themselves.

46.     Interstate admits that, in or about June 2008, the Archdiocese, through counsel, notified Interstate of the Matthew Doe lawsuit.  As to the remaining allegations contained in Paragraph 46, Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

47.     Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

48.     Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

49.     Paragraph 49 is denied.

50.     Paragraph 50 is denied.

51.     Paragraph 51 is denied.

**Satisfaction of Conditions**

52.     Paragraph 52 is denied.

## IV.     CLAIMS

**Count One:  Breach of Contract**

1-52.   Interstate hereby incorporates by reference its answers to Paragraphs 1-52 above as if fully set forth herein.

53.     Paragraph 53 is denied.

54.     Paragraph 54 is denied.

55.     Paragraph 55 is denied.

**Count Two:  Breach of the Covenant of Good Faith and Fair Dealing**

1-55.   Interstate hereby incorporates by reference its answers to Paragraphs 1-55 above as if fully set forth herein.

56.     Paragraph 56 is admitted.

57.     Paragraph 57 is denied.

58.     Paragraph 58 is denied.

59.     Paragraph 59 is denied.

60.     Paragraph 60 is denied.

61.     Paragraph 61 is denied.

62.     Paragraph 62 is denied.

63.     Paragraph 63 is denied.

64.     Paragraph 64 is denied.

65.     Paragraph 65 is denied.

**Count Three:  Violation of CUIPA/CUTPA**

1-65.   Interstate hereby incorporates by reference its answers to Paragraphs 1-65 above as if fully set forth herein.

66.     Paragraph 66 is denied.

67.     Paragraph 67 is denied.

68.     Paragraph 68 is denied.

69.     Paragraph 69 is denied.

70.     Paragraph 70 states legal conclusions to which no response is necessary.  Further answering Conn. Gen, Stat. Sec. 42-110a (3) speaks for itself; therefore, Interstate neither admits nor denies any characterization as to its provisions.

71.     Paragraph 71 states legal conclusions to which no response is necessary.  Further answering Conn. Gen, Stat. Sec. 42-110a (4) speaks for itself; therefore, Interstate neither admits nor denies any characterization as to its provisions.

72.     Paragraph 72 is denied.

73.     Paragraph 73 is denied.

74.     Paragraph 74 is denied.

75.     Paragraph 75 is denied.

76.     Paragraph 76 is denied.

77.     Interstate has insufficient knowledge or information upon which to form a belief and, therefore, leaves the Plaintiff to its proof.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST DEFENSE**</u>

Plaintiff's claims against Interstate are barred, in whole or in part, to the extent the Complaint fails to state a claim upon which relief can be granted.

<u>**SECOND DEFENSE**</u>

The Interstate Policies provide excess general liability indemnity coverage and are not triggered unless and until Plaintiff's Self-Insured Retentions (SIRs) and the relevant underlying layers of coverage are exhausted. Consequently, Plaintiff's claims against Interstate are barred, in whole or in part, to the extent that Plaintiff's Self-Insured Retentions (SIRs) and the relevant underlying layers of coverage have not been exhausted in connection with the RM, KS, JA, and/or Matthew Doe claims (the "Underlying Claims").

<u>**THIRD DEFENSE**</u>

Plaintiff's claims against Interstate are barred, in whole or in part, to the extent the events giving rise to the Underlying Claims, for which Plaintiff is now seeking indemnity, were either expected or intended by Plaintiff because such events would not constitute an "occurrence" under the definition of "occurrence" contained in the Lloyd's policy, to which the Interstate Policies follow form.

<u>**FOURTH DEFENSE**</u>

The Interstate Policies provide, **Part V. – Conditions**, **3. Action Against Company**, that "[n]o action shall lie against the company unless, as a condition precedent thereto, the insured

shall have fully complied with all the terms of this policy."   Consequently, Plaintiff's claims against Interstate are barred, in whole or in part, to the extent Plaintiff has not satisfied all conditions precedent to coverage under the Interstate Policies.

**FIFTH DEFENSE**

The Lloyd's Policy, to which the Interstate Policies follow form, provides, **Section IV – Conditions**, **14. Litigation Proceedings**, that "[n]o suit to recover on account of loss under this Insurance shall be brought until ninety days after the proof of loss shall have been furnished, nor at all unless commenced within twenty seven months from the date upon which loss occurred, if such loss is within the knowledge of the Assured; if not, the twenty seven months shall begin upon notice to the Assured to such loss or claim."   Consequently, Plaintiff's claims against Interstate are barred, in whole or in part, to the extent they were not initiated in accordance with the above-referenced provision.

**SIXTH DEFENSE**

The Interstate Policies provide, **Part V. – Conditions**:

**2. Notice of Loss; Participation in Defense by the Company**

Notice of an occurrence which appears likely to involve this policy shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable.   The company at its own option may, but is not required to, participate in the investigation, settlement or defense of any claim or suit against the insured.

In addition, the Lloyds' Policy, to which the Interstate Policies follow form, provides,

**Section IV**, **General Conditions**:

**3. INSPECTIONS, AUDITS, AND VERIFICATIONS OF VALUES**: The Underwriters or their duly authorized representatives shall be permitted at all reasonable times during the continuance of this Insurance to inspect the premises used by the Assured and to examine the Assured's book or records so far as they relate to coverage afforded by this Insurance.

The Lloyds' Policy further provides **Section IV**, **General Conditions**,

**11. CLAIMS**: The assured shall immediately notify Underwriters through Gallagher Bassett Insurance Services by registered mail, of any occurrence, the costs of which is likely to result in payment by Underwriters under this Insurance. Underwriters shall have the opportunity to be associated with the Assured in the defense of any claims, suits or proceedings relative to an occurrence wherein the opinion of the Underwriters, their liability under this Insurance is likely to be involved, in which case the Assured and the Underwriters shall cooperate to the mutual advantage of both.

Plaintiff's claims against Interstate are barred, in whole or in part, to the extent Plaintiff breached the foregoing policy provisions by failing to provide documents and other information related to the Underlying Claims that Interstate requested as part of its investigation, as well as failing to provide reasonably detailed information regarding the status of the Underlying Claims and the defense of those claims, which information was necessary to evaluate Interstate's indemnity obligations.

## SEVENTH DEFENSE

There is no coverage under the Interstate Policies for Fathers Crowley, Ladamus and Ferguson, individually, to the extent that each was acting intentionally and/or outside the course and scope of their priestly duties, and for their own self-gratification, in connection with the allegations asserted in the Underlying Claims.  The Interstate Policies, therefore, would not provide coverage for the priests nor allow their defense costs to be incorporated into the underlying limits and/or SIRs in order to reduce said limits and/or SIR and activate Interstate's excess indemnity coverage.  Likewise, there is no coverage for the Plaintiff to the extent the acts of misconduct alleged against the Plaintiff are determined to be derivative of and inextricably intertwined with the actions of Fathers Crowley, Ladamus and Ferguson.

**EIGHTH DEFENSE**

The Assault and Battery exclusion contained in the Lloyd's Policy, to which the Interstate Policy follows form, bars coverage for any Assured when properly interpreted and applied.

**NINTH DEFENSE**

Plaintiff's claims against Interstate are barred, in whole or in part, by waiver, estoppel, or its own inequitable or bad faith conduct.

**TENTH DEFENSE**

Plaintiff's claims against Interstate are barred, in whole or in part, by the known loss rule.

**ELEVENTH DEFENSE**

Plaintiff's claims against Interstate are barred, in whole or in part, to the extent the conduct alleged in the Underlying Claims falls outside of the relevant policy terms.

**TWELFTH DEFENSE**

Plaintiff's claims against Interstate are barred, in whole or in part, to the extent the losses and/or damages alleged in the Complaint are barred by the terms, conditions, limitations and exclusions contained in the Interstate Policies.

**THIRTEENTH DEFENSE**

For reasons set forth in the Seventh Defense, Interstate is entitled to a reduction in the amounts paid by the Plaintiff to the underlying claimants to secure releases of not only itself but also the perpetrator priests, as well as defense costs, to the extent that such payments and defense costs are allocable to the defense and release of the perpetrating priests, as determined by comparison of the percentage of fault of the Archdiocese and the perpetrating priests in order for the Plaintiff as insured to satisfy its burden of proving a loss covered by the terms and conditions of the Interstate Policies to recover under them.

-11-

**FOURTEENTH DEFENSE**

Interstate reserves the right to assert any other available defenses that may apply based upon information that is disclosed in discovery or its investigation in this case.

DEFENDANT,
INTERSTATE FIRE AND CASUALTY
COMPANY


By:____/s/ Rhonda J. Tobin____
Rhonda J. Tobin (ct07755)
Stephen O. Clancy (ct27617)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel. No. (860) 275-8200
Fax No. (860) 275-8299
Email:  rtobin@rc.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 11th day of January, 2013, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Rhonda J. Tobin
Rhonda J. Tobin