IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
HARTFORD ROMAN CATHOLIC DIOCESAN   :   3:12 CV 1641 (JBA)
CORP.                              :
                                   :
V.                                 :
                                   :
INTERSTATE FIRE & CASUALTY CO.     :   DATE: FEBRUARY 26, 2014
                                   :
---------------------------------------------------------X

RULING FOLLOWING FIRST IN CAMERA REVIEW

The factual and procedural history behind this litigation is set forth in in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel Production, filed January 28, 2014 (Dkt. #39)["January 2014 Ruling"], with respect to eleven Requests for Production. (At 3). (See also Dkt. #43).  The January 2014 Ruling denied plaintiff's motion with respect to one request (No. 6), granted the motion in part with respect to one request (No. 20), granted the motion with respect to four requests (Nos. 10, 14, 18 and 19), and ordered an in camera review with respect to the remaining five requests (Nos. 5, 12, 13, 15 and 17).  (At 4-19). On February 11, 2014, defendant filed its Partial Objection (Dkt. #41), with respect to the in camera review ordered for Nos. 5, 12, 13 and 15, and to production of Nos. 18 and 19. (At 1-3, 4-16).  Ten days later, defendant sought, and was granted, permission to limit the submission of documents for in camera review to those documents as to which no objection was made.  (Dkts. ##44, 46).  Accordingly, three days later, on February 24, 2014, defendant submitted a small number of documents responsive to No. 17, redacting out discussions that defendant contends are protected by the attorney-client privilege and the work-product doctrine.

As addressed in the January 2014 Ruling (at 15-18), No. 17 sought all documents

concerning reserves set for the Underlying Claims, for which there is a split of authority, even within the federal and state courts in Connecticut, as well as between other jurisdictions, whether such documents are protected by the attorney-client privilege or work product doctrine.

After a careful in camera review, it is clear that this case is unlike Estate of Mali v. Fed. Ins. Co., 3:06 CV 1475 (EBB), 2011 WL 2516246, at *1 (D. Conn. June 17, 2011), in that the submitted documents indicate that the loss reserve recommendations were not "based on only the barest of estimates[,]" but rather did "entail an evaluation of coverage based upon a [somewhat] thorough factual and legal consideration[.]" Id. at *2 (citations & internal quotations omitted).  In In re Pfizer Inc. Sec. Litig., 90 Civ. 1260 (SS), 1993 WL 561125 (S.D.N.Y. Dec. 23, 1993), U.S. Magistrate Judge Naomi Reice Buchwald engaged in an in camera review of the loss reserve documents before concluding that the documents "containing aggregate information are not 'predominately concerned' with conveying legal advice, and are therefore not entitled to attorney-client privilege protection[,]" whereas "documents containing individual case reserve figure are predominantly legal in nature[,]" so "[t]herefore, those are privileged assuming the information on which the documents were based was kept confidential by Pfizer." Id. at *2, 4, 5, 6 (citations omitted).  The documents here contain individual case reserve figures, and like Pfizer, "assuming the information on which the documents were based was kept confidential" by defendant, then these documents similarly remain privileged and need not be disclosed to plaintiff.  At *6 (citation omitted).

Because this ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED.

2

R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**, these documents will remain in this Magistrate Judge's Chambers.  If either party files an objection to this ruling, then the documents will be filed **under seal** and forwarded to Judge Arterton's Chambers for her in camera review.  If no objection is filed, then the documents will be returned to defense counsel.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

Dated at New Haven, Connecticut, this 26th day of February, 2014.

     /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge