IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------X
:
HARTFORD ROMAN CATHOLIC DIOCESAN     :   3:12 CV 1641 (JBA)
CORP.                                :
:
V.                                   :
:
INTERSTATE FIRE & CASUALTY CO.       :   DATE: JUNE 12, 2014
:
------------------------------------------------------X

RULING FOLLOWING SECOND IN CAMERA REVIEW

The factual and procedural history behind this litigation is set forth in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel Production, filed January 28, 2014. (Dkt. #39)["January 2014 Ruling"].[1] Familiarity is also presumed with this Magistrate Judge's Ruling on Defendant's Motion to Compel Production, filed February 19, 2014 (Dkt. #43)["February 2014 Ruling"] and Ruling Following First In Camera Review, filed February 26, 2014. (Dkt. #49)["February 2014 In Camera Review Ruling"].

The February 2014 Ruling concerned twenty-one Requests for Production, falling into three general categories: (1) Personnel Files of Father Robert Ladamus, Father Stephen Crowley and Father Ivan Ferguson (Nos. 19, 39, 59); (2) "Secret Archives" or Canon 489 Files regarding these three priests and pertaining to claims of sexual abuse of a minor by personnel of plaintiff (Nos. 21, 41, 61, 73, 74); and (3) documents reflecting communications between plaintiff and its primary insurers concerning the underlying claims (Nos. 3, 4, 14, 15, 16, 34, 35, 36, 54, 55, 56, 66, 67). (At 2). The February 2014 Ruling ordered an in camera review of the entire personnel files for Fathers Ferguson, Crowley and Ladamus.

---

[1]The January 2014 Ruling concerned eleven discovery requests. On February 11, 2014, defendant filed its Objection (Dkt. #41) with respect to six of those requests. (See also Dkts. ##44, 46, 48). The February 2014 In Camera Review Ruling concerned those documents as to which defendant did not object to submission for in camera review.

(At 4-6, 11).  The February 2014 Ruling also ordered an in camera review of the "secret archives" or "Canon 489" files of Fathers Ferguson and Crowley, along with a privilege log that identifies the documents that it maintains are protected by priest-penitent privilege, the attorney-client privilege or the work-product doctrine.  (At 7-9, 11).  The February 2014 Ruling further ordered an in camera review of the documents pertaining to communications with plaintiff's primary insurers regarding payments of the underlying claims.  (At. 9-11).

On March 5, 2014, plaintiff filed its Partial Objection (Dkt. #50), with respect to the in camera review ordered for some of the third category of documents, namely Nos. 3, 14, 24 and 54,[2] and the next day, plaintiff sought, and was granted, permission to limit the submission of documents for in camera review to those documents as to which no objection was made.  (Dkts. ##51-52).   In accordance with the February 2014 Ruling, on March 10, 2014, plaintiff submitted 1,676 pages of documents to this Magistrate Judge's Chambers (IRC 1 to 1,676), of which 1,065 pages were documents for which plaintiff asserted the Canon Law confidentiality privilege, confidential clergy communication privilege, and/or attorney-client privilege (carefully documented in a twenty-five page Privilege Log provided to the Court and to defense counsel), with the 611 remaining pages constituting the personnel files of Fathers Ladamus, Crowley and Ferguson.

On March 25, 2014, this Magistrate Judge filed an electronic order, requesting a supplemental letter from plaintiff, listing, by Bates Number, the files that already have been produced to defendant.  (Dkt. #59).  On April 22, 2014, plaintiff provided a seven page letter, listing each file that already has been produced by either party in this litigation.  (At 1-6).   This letter also represents that during the course of state litigation, defendant had

---

[2]Plaintiff represents that all other non-privileged documents responsive to Requests Nos. 3, 4, 14-16, 34-36, 54-56 and 66-67 already have been produced.  (Dkt. #50, at 4, n.2).

been given access to all of the documents in Father Ferguson's Canon 489 Files from 1970 through 1982, as well as documents created after this time period concerning alleged sexual misconduct by Father Ferguson during that time period; this letter also represents that defendant had access to all documents in Father Crowley's personnel file prior to April 2004. (Id. at 7).[3]

After a careful in camera review, with some consideration to the nature and scope of the documents previously exchanged between the parties, the Magistrate Judge rules that copies of the following documents shall be provided to defendant, **on or before July 3, 2014**, unless defendant already has copies of them from its prior review (see April 22, 2014 Letter, at 7):[4]

> A. FROM FATHER FERGUSON'S CANON 489 FILE & PERSONNEL FILE (IRC 1-825, 1088-1170)
>
> IRC 36;[5]
> IRC 72-74;[6]
> IRC 92;
> IRC 108 (redacting out any victim names or other identifying information if not already known to defendant);[7]
> IRC 113-17 (redacting out any victim names or other identifying information if not already known to defendant);[8]

---

[3] This letter was extremely helpful to the Court.

[4] The Magistrate Judge obviously has omitted those files already exchanged by the parties in this litigation. (April 22, 2014 Letter, at 1-6).

There was also some duplication in these records. This Ruling will point out, as best as possible, when there are duplications. Plaintiff need only provide one copy of these documents to defendant.

[5] IRC 36 is the same as IRC 310.

[6] IRC 72-74 are the same as IRC 290-92.

[7] IRC 108 is the same as IRC 616.

[8] IRC 113-17 are the same as IRC 617-22.

IRC 119-21;

IRC 159-70 (redacting out any victim names or other identifying information if not already known to defendant);[9]

IRC 192-98 (redacting out any victim names or other identifying information if not already known to defendant);[10]

IRC 201;[11]

IRC 228-35 (redacting out any victim names or other identifying information if not already known to defendant);[12]

IRC 238-52 (redacting out any victim names or other identifying information if not already known to defendant);

IRC 269-83 (redacting out any victim names or other identifying information if not already known to defendant);

IRC 294;

IRC 310-11;[13]

IRC 361;

IRC 364-66;

IRC 429-32 (redacting out any victim names or other identifying information if not already known to defendant);

IRC 438-45 (redacting out any victim names or other identifying information if not already known to defendant);

IRC 460-63 (redacting out any victim names or other identifying information if not already known to defendant);

IRC 527;

IRC 550-56 (redacting out any victim names or other identifying information if not already known to defendant);

IRC 573-83 (redacting out any victim names or other identifying information if not already known to defendant);

IRC 615-35 (redacting out any victim names or other identifying information if not already known to defendant);

IRC 637-49 (redacting out any victim names or other identifying information if not already known to defendant);[14]

IRC 654-60 (redacting out any victim names or other identifying information if not

---

[9] IRC 165-68, IRC 722-25, and IRC 729-32 are the same; IRC 159-64 and IRC 693-98 are the same.

[10] IRC 192-93 are the same as IRC 776-77, IRC 195 is the same as IRC 779, IRC 196-97 are the same as 787-88, and IRC 198 is the same as IRC 791.

[11] IRC 201 is the same as IRC 792.

[12] IRC 231-33, IRC 812-14, and IRC 817-19 are the same, and IRC 234-35 are the same as IRC 820-21.

[13] IRC 311 is the same as IRC 339.

[14] IRC 638-49 are the same as IRC 677-88.

already known to defendant);
    IRC 664-69 (redacting out any victim names or other identifying information if not already known to defendant);
    IRC 671-76 (redacting out any victim names or other identifying information if not already known to defendant);
    IRC 689-98 (redacting out any victim names or other identifying information if not already known to defendant);
    IRC 718-19;
    IRC 722-27;
    IRC 729-37;
    IRC 783-84;
    IRC 805;
    IRC 810;
    IRC 815;
    IRS 817-25 (redacting out any victim names or other identifying information if not already known to defendant);
    IRC 1090-91; and
    IRC 1109-1156.

    B.  <u>FROM FATHER CROWLEY'S CANON 489 FILE & PERSONNEL FILE (IRC 826-1065, 1171-1271)</u>

    IRC 828, ¶ 5 only;
    IRC 838-40 (redacting out any victim names or other identifying information if not already known to defendant);
    IRC 861;[15]
    IRC 891-93 (redacting out any victim names or other identifying information if not already known to defendant);
    IRC 909 (redacting out any victim names or other identifying information if not already known to defendant);
    IRC 912;
    IRC 914-15;
    IRC 918-19 (redacting out any victim names or other identifying information if not already known to defendant);
    IRC 922;
    IRC 930-32;
    IRC 938 (redacting out any victim names or other identifying information if not already known to defendant);
    IRC 944-45 (redacting out any victim names or other identifying information if not already known to defendant);
    IRC 950-59 (redacting out any victim names or other identifying information if not already known to defendant);

---

[15] IRC 861 is the same as IRC 1049.

IRC 1037-38;[16]
IRC 1060-62 (redacting out any victim names or other identifying information if not already known to defendant);
IRC 1065;
IRC 1090-91;
IRC 1173, 1175, 1177;
IRC 1191-1201;
IRC 1203-37;
IRC 1242-44; and
IRC 1247-70.

### C. FROM FATHER LADAMUS' CANON 489 FILE & PERSONNEL FILE (IRC 1066-87, 1272-1676)

IRC 1068-87 (redacting out any victim names or other identifying information if not already known to defendant);[17]
IRC 1278-79;
IRC 1312-20 (redacting out any names or other identifying information of unrelated persons, if not already known to defendant);
IRC 1323-31 (redacting out any names or other identifying information of unrelated persons, if not already known to defendant);
IRC 1340-56 (redacting out any names or other identifying information of unrelated persons, if not already known to defendant);
IRC 1364-69 (redacting out any names or other identifying information of unrelated persons, if not already known to defendant);
IRC 1374-96;
IRC 1399;
IRC 1401-02;
IRC 1406-26 (redacting out any names or other identifying information of unrelated persons, if not already known to defendant);
IRC 1440-41 (redacting out any names or other identifying information of unrelated persons, if not already known to defendant);
IRC 1443-54 (redacting out any names or other identifying information of unrelated persons, if not already known to defendant);
IRC 1456-85 (redacting out any names or other identifying information of unrelated persons, if not already known to defendant);
IRC 1487-95:
IRC 1512-16;
IRC 1518-22;
IRC 1524-26;
IRC 1528-33;
IRC 1556-1627 (redacting out any names or other identifying information of unrelated

---

[16]IRC 1037-38 are the same as IRC 1204-05.

[17]IRC 1070 is the same as IRC 1073, and IRC 1068-74 are the same as IRC 1657-63.

persons, if not already known to defendant);
	IRC 1633; and
	IRC 1635-54 (redacting out any names or other identifying information of unrelated persons, if not already known to defendant).

Because this ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same)**; FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**, these documents will remain in this Magistrate Judge's Chambers.  If either party files an objection to this ruling, then the documents will be filed **under seal** and forwarded to Judge Arterton's Chambers for her in camera review.  If no objection is filed, then the documents will be returned to plaintiff's counsel.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

Dated at New Haven, Connecticut, this 12th day of June, 2014.

	 /s/ Joan G. Margolis, USMJ
	Joan Glazer Margolis
	United States Magistrate Judge