IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------X
                                          :
HARTFORD ROMAN CATHOLIC DIOCESAN    :        3:12 CV 1641 (JBA)
CORP.                                               :
                                          :
V.                                                    :
                                          :
INTERSTATE FIRE & CASUALTY CO.            :        DATE: MARCH 25, 2015
                                          :
----------------------------------------------------------X

## RULING FOLLOWING THIRD IN CAMERA REVIEW

The factual and procedural history behind this litigation is set forth in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel Production, filed January 28, 2014 (Dkt. #39), 297 F.R.D. 22, and in U.S. District Judge Janet Bond Arterton's Ruling on Defendant's and Plaintiff's Partial Objections to Magistrate Judge's Rulings, filed January 13, 2015 (Dkt. #64)["January 2015 Ruling"], 2015 WL 164069.  Familiarity is also presumed with this Magistrate Judge's Ruling on Defendant's Motion to Compel Production, filed February 19, 2014 (Dkt. #43)["February 2014 Ruling"], 2014 WL 652308, which forms the basis for this supplemental ruling, and Ruling Following Second In Camera Review, filed June 12, 2014 (Dkt. #63)["June 2014 Ruling"]; see also Ruling Following First In Camera Review, filed February 26, 2014 (Dkt. #49).

This file has been referred to this Magistrate Judge for all discovery.  (Dkt. #29).  Under the latest scheduling order, filed by Judge Arterton on March 10, 2015, all discovery is to be completed by May 29, 2015, and after a pre-filing conference, all dispositive motions are to be filed by June 15, 2015.  (Dkt. #82).

As set forth in the February 2014 Ruling, in April 2013, defendant served ninety-five Requests for Production on plaintiff, as to which plaintiff responded, with multiple objections,

in July 2013; however, despite its objections, plaintiff produced approximately 14,000 documents.  2014 WL 652308, at *1 (internal citations omitted).  Counsel eventually were able to resolve their dispute with respect to all but twenty-one requests, namely Requests Nos. 3, 4, 14, 15, 16, 19, 21, 34, 35, 36, 39, 41, 54, 55, 56, 59, 61, 66, 67, 73 and 74.  Id. (internal citations omitted).  Again, despite its objections, plaintiff provided some non-privileged documents to defendant, and defendant already was in possession of others.  (Id.)(internal citations omitted).

The documents in dispute fell within three general categories: (1) personnel files of three priests (Nos. 19, 39, 59), for which an in camera review was ordered, id. at *1, 2-3; (2) "Secret Archives" or Canon 489 Files regarding these three priests and pertaining to claims of sexual abuse of a minor by personnel of plaintiff (Nos. 21, 41, 61, 73, 74), for which an in camera review also was ordered, id. at *1, 3-4; and (3) documents reflecting communications between plaintiff and its primary insurers concerning the underlying claims (Nos. 3, 4, 14, 15, 16, 34, 35, 36, 54, 55, 56, 66, 67), similarly for which an in camera review was ordered, id. at *1, 4-5.

On March 5, 2014, plaintiff filed its Partial Objection (Dkt. #50), with respect to the in camera review ordered for some of the third category of documents, namely Nos. 3, 14, 34 and 54,[1] and the next day, plaintiff sought, and was granted, permission to limit the submission of documents for in camera review to those documents as to which no objection was made.  (Dkts. ##51-52).  In accordance with the February 2014 Ruling, on March 10, 2014, plaintiff submitted 1,676 pages of documents to this Magistrate Judge's Chambers, which documents were addressed in the June 2014 Ruling, and production of some

---

[1]Plaintiff represented that all other non-privileged documents responsive to Requests Nos. 3, 4, 14-16, 34-36, 54-56 and 66-67 already have been produced.  (Dkt. #50, at 4, n.2).

documents was ordered.  (June 2014 Ruling at 3-7).

With respect to the communications between plaintiff and its primary insurers at issue here, the February 2014 Ruling held that "[t]here is little doubt that the documents sought are relevant to the issues raised in this litigation[,]" but given the confidential nature of the settlement negotiations, an in camera review was required.  2014 WL 652308, at *5.  As Judge Arterton summarized in the January 2015 Ruling, defendant has argued that these documents are relevant for three reasons: (1) some of the payments were for groups of claims and cannot be matched up with specific claims without further documentation regarding the negotiation of specific settlements; (2) because defendant's policy is a "follow-form policy" with the same terms as the underlying policies, if the primary insurers did not pay the full policy limits, any such denial could be relevant to defendant's obligations pursuant to its policy with the same terms; and (3) if these communications indicate that material information regarding the underlying claims was provided to the primary insurers but withheld from defendant, such communications would support defendant's affirmative defenses of alleged lack of cooperation by plaintiff.[2]  2015 WL 164069, at *8.  Judge Arterton agreed that an in camera review was appropriate to confirm the relevancy of the documents and to determine whether they are discoverable under FED. R. CIV. P. 26(c).  Id. at *9.

On February 20, 2015, plaintiff delivered a large box of documents to this Magistrate Judge's Chambers, which contained documents responsive to Requests for Production Nos. 3, 14, 34 and 54.  Plaintiff's counsel also provided a helpful fifteen-page letter, which meticulously listed the documents, found at AOHICR 1-790, 794-2891. (At 1-14). The letter identified six of these documents that were also responsive to Requests for Production Nos.

---

[2]See note 7 infra.

15, 16, 35, 36, 55 and 56.  (Id. at 14-15).  The letter further cautioned that some of the communications pertain to unrelated claims regarding a Connecticut hospital and doctor.  (Id. at 14).  Lastly, the letter advises that some of the communications address negotiations for both the Settlement Agreement, concerning the four underlying claims, as well as a Reimbursement Agreement concerning other claims.  (Id.).

The 2,888 pages largely consist of copies of e-mails, letters, attachments to these e-mails and letters, drafts of agreements, copies of plaintiff's insurance policies, attorney billing records, and computer printouts, from 2008 through 2015.  As is usually the case with chains of e-mails, there is significant duplication, in that the original e-mails are included in replying or forwarding the e-mails.[3]  A substantial portion of the box also consists of draft agreements sent back and forth as attachments to e-mails.

After a careful review of the 2,888 pages submitted in the box for in camera review, the Magistrate Judge finds that only the following twenty-nine documents are directly related to the issues raised in this litigation:[4]

    AOHICR 1-6 (redacting out any information regarding unrelated claimants if not already known to defendant);
    AOHICR 89-91;
    AOHICR 196-202 (redacting out any information regarding unrelated claimants if not already known to defendant);
    AOHICR 236-37 (redacting out any information regarding unrelated claimants if not already known to defendant);
    AOHICR 249-51 (redacting out any information regarding unrelated claimants if not already known to defendant)(top two lines on 251 only);

---

[3] Each document for which production is ordered herein will be listed only once.  In some instances, similar e-mails and letters are ordered produced that have different recipients.

The Magistrate Judge was impressed with the high level of professionalism and courtesy extended in the multiple e-mails between counsel, an observation she wishes she could make more often in reviewing e-mails between attorneys.

[4] If defendant already is in possession of any document, that document need not be provided to defendant at this time.

AOHICR 294-301 (redacting out any information regarding unrelated claimants if not already known to defendant);

AOHICR 336-43 (redacting out any information regarding unrelated claimants if not already known to defendant);

AOHICR 355-57 (redacting out any information regarding unrelated claimants if not already known to defendant);

AOHICR 369-460;[5]

AOHICR 781-84;

AOHICR 1112-16;

AOHICR 1128-31;

AOHICR 1164;

AOHICR 1317-18;

AOHICR 1320;

AOHICR 1356-58 (redacting out any information regarding unrelated claimants if not already known to defendant);

AOHICR 1365-67 (redacting out any information regarding unrelated claimants if not already known to defendant);

AOHICR 1371-72 (redacting out any information regarding unrelated claimants if not already known to defendant);

AOHICR 1396;

AOHICR 1405-31 (redacting out any information regarding unrelated claimants if not already known to defendant as well as banking information on 1431);

AOHICR 1465-66;

AOHICR 2496-97 (e-mail starting at bottom of 2496 and continuing to top of 2497 only);

AOHICR 2569-71 (redacting out any information regarding unrelated claimants if not already known to defendant);

AOHICR 2604-05 (e-mail starting at bottom of 2604 and continuing to top of 2605 only)(redacting out any information regarding unrelated claimants if not already known to defendant);

AOHICR 2756-2802;[6]

AOHICR 2810-12;

AOHICR 2824-27;

AOHICR 2828-31; and

AOHICR 2853 (redacting out any information regarding unrelated claimants if not already known to defendant).[7]

---

[5]See note 4 supra.

[6]See note 4 supra.

[7]A careful review of the communications does not support defendant's third concern, namely whether these communications indicate that material information regarding the underlying claims was provided to the primary insurers but was withheld from defendant; if anything, it appears that the opposite is true – there apparently was more production to defendant than was given to the primary insurers.

Plaintiff shall provide copies to defense counsel **on or before April 15, 2015**.

Because this ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**, the box of documents will remain in this Magistrate Judge's Chambers. If either party files an objection to this ruling, then the documents will be filed **under seal** and forwarded to Judge Arterton's Chambers for her in camera review. If no objection is filed, then the documents will be returned to plaintiff's counsel.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

Dated at New Haven, Connecticut, this 25th day of March, 2015.

  /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge