IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
                                              :

HARTFORD ROMAN CATHOLIC DIOCESAN   :        3:12 CV 1641 (JBA)
CORP.                                                       :
                                              :
V.                                                       :
                                            :
INTERSTATE FIRE & CASUALTY CO.        :        DATE: MARCH 31, 2015
                                            :
------------------------------------------------------------X

## RULING FOLLOWING FOURTH IN CAMERA REVIEW

The factual and procedural history behind this litigation is set forth in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel Production, filed January 28, 2014 (Dkt. #39), 297 F.R.D. 22 ["January 2014 Ruling"], and in U.S. District Judge Janet Bond Arterton's Ruling on Defendant's and Plaintiff's Partial Objections to Magistrate Judge's Rulings, filed January 13, 2015 (Dkt. #64)["January 2015 Ruling"], 2015 WL 164069.  Familiarity is also presumed with this Magistrate Judge's Ruling on Defendant's Motion to Compel Production, filed February 19, 2014 (Dkt. #43), 2014 WL 652308, Ruling Following First In Camera Review, filed February 26, 2014 (Dkt. #49)["February 2014 In Camera Review Ruling"], Ruling Following Second In Camera Review, filed June 12, 2014 (Dkt. #63), and Ruling Following Third In Camera Review, filed March 25, 2015 (Dkt. #85).

This file has been referred to this Magistrate Judge for all discovery.  (Dkt. #29). Under the latest scheduling order, filed by Judge Arterton on March 10, 2015, all discovery is to be completed by May 29, 2015, and after a pre-filing conference, all dispositive motions are to be filed by June 15, 2015.  (Dkt. #82).

As set forth in the January 2014 Ruling, in May 2013, plaintiff served twenty Requests for Production on defendant, as to which defendant responded, with multiple objections, in

August 2013; after several conferences, counsel were able to resolve their disputes with respect to nine requests, leaving the Court to resolve the remaining eleven requests in the January 2014 Ruling.  297 F.R.D. at 24 (internal citations omitted).  Prior to the Court's ruling, according to plaintiff, defendant had produced only 569 documents, of which one hundred and twenty-five were completely redacted and ninety-seven were partially redacted; however, according to defendant, despite its objections, defendant produced 5,358 pages of responsive documents, with a fifty-two page privilege log.  Id. (internal citations omitted).

The January 2014 Ruling ordered defendant: (1) to produce for in camera review documents concerning several claims asserted against plaintiff by seven claimants other than the four Underlying Claimants here (Requests Nos. 5 & 15) and to respond to some of plaintiff's other requests for documents (Requests Nos. 18, 19 & 20), id. at 24-26; (2) to produce for in camera review documents relating to the underlying claims (Requests Nos. 12 & 13), id. at 26-29; (3) to respond to certain documents regarding policy interpretation and application (Requests Nos. 10 & 14), id. at 29-30; and (4) to produce for in camera review documents regarding reserves (Request No. 17), id. at 30-31.[1]

On February 11, 2014, defendant filed its Partial Objection with respect to Requests Nos. 5, 12, 13, 15, 18 and 19.  (Dkt. #41; see also Dkt. #48).  Ten days later, defendant filed a Motion for Partial Stay (Dkt. #44), requesting that it need not produce those documents which are the subject of its pending objection, but instead respond only with respect to those requests as to which it had not objected; that motion was granted the same day.  (Dkt. #46).  In accordance with the January 2014 Ruling, on February 24, 2014, defendant submitted a small number of documents responsive to Request No. 17, redacting

---

[1] Plaintiff's motion became moot with respect to Request No. 6.  Id. at 26.

out discussions that defendant contended were protected by the attorney-client privilege and the work-product doctrine; the February 2014 In Camera Review Ruling found that these documents were privileged and need not be disclosed to plaintiff.

On January 13, 2015, Judge Arterton overruled defendant's objections with respect to the January 2014 Ruling, agreeing that an in camera review was appropriate for Requests Nos. 5, 12, 13 and 15, and ordering production with respect to Nos. 15, 18 and 19. 2015 WL 164069, at *1-7.

As previously stated, in Request No. 5, plaintiff seeks all documents concerning seven claims asserted against plaintiff by seven claimants other than RM, KS, JA and Matthew Doe; plaintiff argued that these documents were relevant to the issue of bad faith. 297 F.R.D. at 24-25. The January 2014 Ruling found that "the more current view appears to permit . . . discovery" of these documents, but in light of defendant's "other legitimate considerations[,]" defendant was to "submit the responsive documents regarding the seven other claims to this Magistrate Judge's Chambers for her in camera review, on the issue of attorney-client privilege, work product doctrine, and/or any other privilege[.]"  Id. at 26. In the January 2015 Ruling, Judge Arterton held that with respect to Request No. 5, the January 2014 Ruling properly ordered an in camera review to determine whether the attorney-client privilege, work product doctrine, and/or any other privilege "applied in the first instance[,]" and that "[c]ourts have broad discretion to conduct [an] in camera review to make this initial determination[,]" which the U.S. Supreme Court "has long held . . . is a highly appropriate and useful means of dealing with claims of . . . privilege." 2015 WL 164069, at *3 (citations omitted).

Request No. 12 seeks all documents concerning communications defendant had with

any persons or parties concerning the Underlying Claims, including but not limited to the Onebane Law Firm (especially Attorney Timothy J. McNamara), representatives of Lloyds of London, London Underwriters and Gallagher-Bassett, and Request No. 13 seeks all documents relating to the investigation or determination of coverage concerning the Underlying Claims, including all documentation produced, gathered, and transferred by the Onebane Law Firm, and by Attorney McNamara in particular.  Relying upon several decisions from this district, the Southern District of New York, and the Connecticut Supreme Court, the January 2014 Ruling concluded that defendant's documents "appear to be privileged[,]" and that "plaintiff has not satisfied the threshold necessary for disclosure" of them, but "in an abundance of caution, the Magistrate Judge is willing to conduct an in camera review of the disputed documents with respect to Nos. 12-13[.]" 297 F.R.D. at 27-29.  With respect to Nos. 12-13, Judge Arterton further found that the in camera review "clear[ly]" had been ordered to "make the threshold determination as to whether there was any attorney-client privilege to begin with[,]" that the January 2014 Ruling "did not make a final determination that the documents were privileged but rather just determined that they 'appeared' to be and that [an] in camera review was required to confirm this appearance," and that "the fact that doubts lingered as to whether a potential exception to the privilege could apply does not make it improper to review in camera documents for the . . . appropriate purpose of determining in the first instance whether an exception applied."  2015 WL 164069, at *3-4.

On February 20, 2015, defendant submitted to the Magistrate Judge's Chambers a large box of documents responsive to Requests Nos. 5, 12 and 13, with an explanatory cover letter; the contents included a copy of a twenty page privilege log regarding Request No. 5, dated February 20, 2015, a thirty-seven page privilege log regarding Requests Nos. 12-13,

also dated February 20, 2015, one expansion folder of documents from 2004 through 2008 responsive to Request No. 5 that were unredacted and another expansion folder of the same documents as redacted by defendant, and one expansion folder of documents from 2008 through 2012 responsive to Requests Nos. 12-13 that were unredacted and two expansion folders of documents responsive to Nos. 12-13 that were redacted.

After a careful in camera review, the Magistrate Judge finds that only the following document in the unredacted folder for Request No. 5 is relevant and not subject to a privilege:

Interstate 6583 (if defendant wishes, redacting out dollar amounts in first box on top of page and redacting out second box at bottom of page 6583).

All of the other portions that were redacted by defendant are irrelevant or privileged.

Defendant shall provide a copy to plaintiff's counsel **on or before April 17, 2015**.

Because this ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**, the box of documents will remain in this Magistrate Judge's Chambers. If either party files an objection to this ruling, then the documents will be filed **under seal** and forwarded to Judge Arterton's Chambers for her in camera review. If no objection is filed, then the documents will be returned to defense counsel.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72;

and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

Dated at New Haven, Connecticut, this 31st day of March, 2015.

      /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge