IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
HARTFORD ROMAN CATHOLIC DIOCESAN   :   3:12 CV 1641 (JBA)
CORP.                              :
                                   :
V.                                 :
                                   :
INTERSTATE FIRE & CASUALTY CO.     :   DATE: MAY 6, 2015
                                   :
---------------------------------------------------------X

RULING FOLLOWING FIFTH IN CAMERA REVIEW

The factual and procedural history behind this litigation is set forth in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel Production, filed January 28, 2014 (Dkt. #39), 297 F.R.D. 22 ["January 2014 Ruling"], and in U.S. District Judge Janet Bond Arterton's Ruling on Defendant's and Plaintiff's Partial Objections to Magistrate Judge's Rulings, filed January 13, 2015 (Dkt. #64)["January 2015 Ruling"], 2015 WL 164069.  Familiarity is also presumed with this Magistrate Judge's Ruling on Defendant's Motion to Compel Production, filed February 19, 2014 (Dkt. #43), 2014 WL 652308, Ruling Following First In Camera Review, filed February 26, 2014 (Dkt. #49)["February 2014 In Camera Review Ruling"], Ruling Following Second In Camera Review, filed June 12, 2014 (Dkt. #63), 2014 WL 2615367, Ruling Following Third In Camera Review, filed March 25, 2015 (Dkt. #85), and Ruling Following Fourth In Camera Review, filed March 31, 2015 (Dkt. #86)[March 31, 2015 In Camera Review Ruling], 2015 WL 1471920.

This file has been referred to this Magistrate Judge for all discovery.  (Dkt. #29).  Under the latest scheduling order, filed by Judge Arterton on April 8, 2015, all discovery is to be completed by June 30, 2015, and, after a pre-filing conference, all dispositive motions are to be filed by August 31, 2015.  (Dkt. #88).

As set forth in the January 2014 Ruling, in May 2013, plaintiff served twenty Requests for Production on defendant, as to which defendant responded, with multiple objections, in August 2013; after several conferences, counsel were able to resolve their disputes with respect to nine requests, leaving the Court to resolve the remaining eleven requests in the January 2014 Ruling. 297 F.R.D. at 24 (internal citations omitted). Prior to the Court's ruling, according to plaintiff, defendant had produced only 568 documents, of which one hundred and twenty-five were completely redacted and ninety-seven were partially redacted; however, according to defendant, despite its objections, defendant produced 5,358 pages of responsive documents, with a fifty-two page privilege log. Id. (internal citations omitted).

The January 2014 Ruling ordered defendant: (1) to produce for in camera review documents concerning several claims asserted against plaintiff by seven claimants other than the four Underlying Claimants here (Requests Nos. 5 & 15) and to respond to some of plaintiff's other requests for documents (Requests Nos. 18, 19 & 20), id. at 24-26; (2) to produce for in camera review documents relating to the underlying claims (Requests Nos. 12 & 13), id. at 26-29; (3) to respond to certain documents regarding policy interpretation and application (Requests Nos. 10 & 14), id. at 29-30; and (4) to produce for in camera review documents regarding reserves (Request No. 17), id. at 30-31.[1]

On February 11, 2014, defendant filed its Partial Objection with respect to Requests Nos. 5, 12, 13, 15, 18 and 19. (Dkt. #41; see also Dkt. #48). Ten days later, defendant filed a Motion for Partial Stay (Dkt. #44), requesting that it need not produce those documents which are the subject of its pending objection, but instead respond only with respect to those requests as to which it had not objected; that motion was granted the same

---

[1]Plaintiff's motion became moot with respect to Request No. 6. Id. at 26.

2

day.  (Dkt. #46).  In accordance with the January 2014 Ruling, on February 24, 2014, defendant submitted a small number of documents responsive to Request No. 17, redacting out discussions that defendant contended were protected by the attorney-client privilege and the work-product doctrine; the February 2014 In Camera Review Ruling found that these documents were privileged and need not be disclosed to plaintiff.  (Dkt. #49, at 2).

On January 13, 2015, Judge Arterton overruled defendant's objections with respect to the January 2014 Ruling, agreeing that an in camera review was appropriate for Requests Nos. 5, 12, 13 and 15, and ordering production with respect to Nos. 15, 18 and 19.  2015 WL 164069, at *1-7.  On February 20, 2015, defendant submitted to the Magistrate Judge's Chambers a large box of documents responsive to Requests Nos. 5, 12 and 13; the March 31, 2015 In Camera Review Ruling held that only a limited number of documents responsive to Request No. 5 needed to be produced.  2015 WL 1471920, at *3.

As previously stated, in Request No. 15, plaintiff seeks all documents since 1978 concerning claims for coverage based on allegations of childhood sexual abuse against religious entities, made under insurance policies sold by defendant.  297 F.R.D. at 25.   The January 2014 Discovery Ruling found that such documents were discoverable, but limited the production to documents beginning with the year 2000 (not 1978), unless counsel agreed otherwise, and ordered such documents to be produced to the Magistrate Judge's Chambers for an in camera review, on the issue of attorney-client privilege, work product doctrine, and/or any other privilege, with the claimants to be identified only by their initials.  Id. at 26.  In the January 2015 Ruling, Judge Arterton overruled defendant's objection with respect to the in camera review, 2015 WL 164069, at *2-3, and further overruled defendant's specific

objection to 2000 as the starting point, id. at *6-7.[2]

During telephonic discovery conferences, counsel and this Magistrate Judge agreed that defendant would submit a representative sample of fifty claim files since 2000 for in camera review, twenty-five in which defendant has paid the claim and twenty-five in which defendant has not paid the claim.  (Dkt. #87, at 2, 6[3]; see also Dkts. ##74, 81).  On May 1, 2015, defendant forwarded to this Magistrate Judge's Chambers the twenty-five unpaid "other insured" claim files, with both the unredacted and the redacted versions (Interstate Bates Nos. 12926-13729), and a privilege log.

After a careful in camera review, the Magistrate Judge agrees with defendant that the portions that have been redacted are protected by the attorney-client privilege and hence need not be produced.

Because this ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**, the box of documents will remain in this Magistrate Judge's Chambers.  If either party files an objection to this ruling, then the documents will be filed **under seal** and forwarded to Judge Arterton's Chambers for her in camera review.  If no objection is filed, then the documents will be

---

[2]Judge Arterton noted, however, that plaintiff offered to narrow this request to include only those claims since 2000 in which settlements or verdicts "reached [defendant's] layer" of excess coverage.  Id. at 6, n.6 (internal citations omitted).

[3]Plaintiff has reserved its right to seek additional files after receiving the fifty sample files. (Id. at 6, n.1).

4

returned to defense counsel.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

Dated at New Haven, Connecticut, this 6th day of May, 2015.

      _/s/ Joan G. Margolis, USMJ_
Joan Glazer Margolis
United States Magistrate Judge