IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
                            :

HARTFORD ROMAN CATHOLIC DIOCESAN  :         3:12 CV 1641 (JBA)
CORP.                                 :

                            :

V.                                :

                            :

INTERSTATE FIRE & CASUALTY CO.      :         DATE: MAY 22, 2015

                            :
---------------------------------------------------------X

## RULING FOLLOWING SIXTH IN CAMERA REVIEW

The factual and procedural history behind this litigation is set forth in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel Production, filed January 28, 2014 (Dkt. #39), 297 F.R.D. 22, and in U.S. District Judge Janet Bond Arterton's Ruling on Defendant's and Plaintiff's Partial Objections to Magistrate Judge's Rulings, filed January 13, 2015 (Dkt. #64), 2015 WL 164069.   Familiarity is also presumed with this Magistrate Judge's Ruling on Defendant's Motion to Compel Production, filed February 19, 2014 (Dkt. #43), 2014 WL 652308, Ruling Following First In Camera Review, filed February 26, 2014 (Dkt. #49),  Ruling Following Second In Camera Review, filed June 12, 2014 (Dkt. #63), 2014 WL 2615367, Ruling Following Third In Camera Review, filed March 25, 2015 (Dkt. #85), Ruling Following Fourth In Camera Review, filed March 31, 2015 (Dkt. #86), 2015 WL 1471920, and Ruling Following Fifth In Camera Review, filed May 6, 2015 (Dkt. #91)["May 6, 2015 In Camera Review Ruling"].

This file has been referred to this Magistrate Judge for all discovery.  (Dkt. #29). Under the latest scheduling order, filed by Judge Arterton on April 8, 2015, all discovery is to be completed by June 30, 2015, and, after a pre-filing conference, all dispositive motions are to be filed by August 31, 2015.  (Dkt. #88).   The procedural background has been fully

set forth in the May 6, 2015 In Camera Review Ruling (at 2-4).

During telephonic discovery conferences, counsel and this Magistrate Judge agreed that defendant would submit a representative sample of fifty claim files since 2000 for in camera review, twenty-five in which defendant has paid the claim and twenty-five in which defendant has not paid the claim.  (Dkt. #87, at 2, 6[1]; see also Dkts. ##74, 81).  On May 1, 2015, defendant forwarded to this Magistrate Judge's Chambers the twenty-five unpaid "other insured" claim files, with both the unredacted and the redacted versions (Interstate Bates Nos. 12926-13729), and a privilege log.  The May 6, 2015 In Camera Review Ruling held that all the redacted portions were protected by the attorney-client privilege and hence did not need to be produced.

On May 15, 2015, defendant forwarded to this Magistrate Judge's Chambers the twenty-five "other insured" claim files where claims have been paid, with both the unredacted and the redacted versions (Interstate Bates Nos. 13730-19258), and a privilege log.

After a careful in camera review, the Magistrate Judge agrees with defendant that the portions that have been redacted are protected by the attorney-client privilege and hence need not be produced. However, copies of certain documents were included in either the unredacted folder or redacted folder, but not both. Specifically, Interstate Bates Nos. 15560, 15987, 16568, 17591, and 18247 are included in the redacted folder but not in the unredacted folder. Conversely, Interstate Bates Nos. 13969, 14726, 15622, and 16022 are included in the unredacted folder but not the redacted folder. Also, the copy of Interstate Bates No. 14603 in the unredacted folder had been redacted for attorney-client privilege.

---

[1]Plaintiff has reserved its right to seek additional files after receiving the fifty sample files. (Id. at 6, n.1).

Without both the unredacted and redacted versions of these document, the Court is unable to complete its in camera review. Therefore, **on or before May 29, 2015**, defendant will submit to Chambers both unredacted and redacted copies of Interstate Bates Nos. 13969, 14603, 14726, 15560, 15622, 15987, 16022, 16568, 17591, and 18247.

Additionally, on Interstate Bates No. 17376, one line was redacted for attorney-client privilege, but while the line is not protected in that manner, it does pertain to confidential claimant information, and thus need not be disclosed.  Also, in the folders delivered to the Magistrate Judge's Chambers, the copies of Interstate Bates No. 14754 were switched, so that the redacted version appeared in the unredacted folder, while the unredacted version appeared in the redacted folder.

Because this ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**, the box of documents will remain in this Magistrate Judge's Chambers.  If either party files an objection to this ruling, then the documents will be filed **under seal** and forwarded to Judge Arterton's Chambers for her in camera review.  If no objection is filed, then the documents will be returned to defense counsel.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order

of the Court unless reversed or modified by the District Judge upon timely made objection.

Dated at New Haven, Connecticut, this 22nd day of May, 2015.


   /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge