IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
                                                                 :
HARTFORD ROMAN CATHOLIC DIOCESAN  :     3:12 CV 1641 (JBA)
CORP.                                                            :
V.                                                                :
INTERSTATE FIRE & CASUALTY CO.         :     DATE: AUGUST 24, 2015
                                                              :
------------------------------------------------------------X

## RULING ON DEFENDANT'S MOTION TO COMPEL

The factual and procedural history behind this litigation is set forth in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel Production, filed January 28, 2014 (Dkt. #39), 297 F.R.D. 22, and in U.S. District Judge Janet Bond Arterton's Ruling on Defendant's and Plaintiff's Partial Objections to Magistrate Judge's Rulings, filed January 13, 2015 (Dkt. #64)["January 2015 Discovery Ruling"], 2015 WL 164069.  Familiarity is also presumed with this Magistrate Judge's Ruling on Defendant's Motion to Compel Production, filed February 19, 2014 (Dkt. #43), 2014 WL 652308, Ruling Following First In Camera Review, filed February 26, 2014 (Dkt. #49),  Ruling Following Second In Camera Review, filed June 12, 2014 (Dkt. #63), 2014 WL 2615367, Ruling Following Third In Camera Review, filed March 25, 2015 (Dkt. #85)["March 2015 Discovery Ruling"], Ruling Following Fourth In Camera Review, filed March 31, 2015 (Dkt. #86), 2015 WL 1471920, Ruling Following Fifth In Camera Review, filed May 6, 2015 (Dkt. #91), 2015 WL 2124243, Ruling Following Sixth In Camera Review, filed May 22, 2015 (Dkt. #92), and Ruling Following Seventh In Camera Review, filed June 3, 2015 (Dkt. #93). This file has been referred to this Magistrate Judge for all discovery.  (Dkt. #29).  Under the latest scheduling orders filed by Judge Arterton on April 8 and August 14, 2015, all dispositive motions are to be filed by August 31, 2015, with

oral argument scheduled for November 10, 2015. (Dkts. ##88, 104). The procedural background has been fully set forth in prior rulings.

On August 13, 2015, defendant filed the pending Motion to Compel Production of Documents and Deposition Testimony, with brief, affidavit, and exhibits in support, seeking unredacted copies of nine documents and a continued deposition (Dkts. ##101-02),[1] as to which plaintiff filed its brief, affidavit and exhibits in opposition six days later. (Dkts. ##105-08).[2] Plaintiff also submitted to the Magistrate Judge's Chambers redacted and unredacted versions of the nine documents. The next day, defendant filed its reply brief. (Dkt. #109). On August 14, 2015, Judge Arterton referred this motion to this Magistrate Judge. (Dkt. #103; see also Dkt #104).

As explained in the March 2015 Discovery Ruling, on February 20, 2015, plaintiff delivered to this Magistrate Judge's Chambers a large box, containing 2,888 pages of documents (AOHICR 1-790, 794-2891), consisting largely of copies of e-mails and letters, some with attachments, drafts of agreements, copies of plaintiff's insurance policies, attorney billing records, and computer printouts, from 2008 through 2015; plaintiff's counsel also provided a helpful fifteen-page letter, which meticulously listed the documents. (At 3-4). The March 2015 Discovery Ruling held that only twenty-nine documents were "directly related to the issues raised in this litigation[,]" and, for fourteen of these documents, permitted

---

[1] Two exhibits were filed under seal (Dkt. #102): excerpts from the deposition of Attorney John W. Sitarz, taken on July 7, 2015 (Exh. A); and redacted versions of the nine documents, namely e-mails and letters, dated February 10, March 9, April 20, June 18, July 25 & 27, August 3, October 12, and November 5, 7-9 & 13-14, 2012, and signed Agreements, dated November 14, 2012 and November 3, 2014 (Exh. B).

[2] The following subexhibits were attached to the affidavit of plaintiff's counsel (Exh. 1): copy of letter from plaintiff's counsel to the Magistrate Judge, dated February 20, 2015 (Exh. A), filed under seal (Dkts. ##106-08); copies of e-mails between counsel, dated July 17, 21, 29 & 31, & August 3, 2015 (Exh. B, also filed under seal (id.)); and copy of insurance policy with defendant (Exh. C). A copy of a decision was also attached. (Exh. 2).

plaintiff to redact out any information regarding unrelated claimants if not already known to defendant.  (At 3-5).

In this motion, defendant seeks the production of unredacted copies of nine documents, namely AOHICR 1-2, 4-5, 197-202, 236-37, 249-51, 301, 337-43, 355-57, and 1405-31, as well as answers to certain deposition questions regarding some of these documents at plaintiff's Rule 30(b)(6) deposition on July 7, 2015, with limited follow-up questions.  (Dkt. #101, at 1 & Brief at 1).  Defendant argues that the redacted documents "appear to reflect collusion between [plaintiff] and its primary insurer, Underwriters at Lloyd[s], London to manipulate settlements between them to only exhaust the primary policies on claims that reached [defendant's] excess layer[,]" particularly since "the underlying insurers did not pay any sums toward the Underlying Claims until over two years after the filing of the instant lawsuit[,]" and "it appears from the unredacted portions . . . that [plaintiff] entered into a global lump sum settlement with Lloyds, whereby Lloyds agreed to pay the full amount on each of the Underlying Claims in exchange for a discounted payment on a group of unrelated claims that did not trigger [defendant's] layer of coverage."  (Dkt. #101, at 1-3 & Brief at 1-2, 5-7)(emphasis omitted).  With respect to AOHICR 249-51, defendant contends that plaintiff redacted substantially more than ordered in the March 2015 Discovery Ruling.  (Dkt. #101, Brief at 7-8).  At his deposition, Attorney John Sitarz was unable to answer defendant's questions concerning these documents due to the redactions or was instructed by plaintiff's counsel not to answer.  (Dkt. #101, at 3; Brief at 8-9).  Defendant argues that the redacted material is "highly relevant" to defendant's Second, Sixth, and Ninth Affirmative Defenses.  (Dkt. #101, at 3-4 & Brief at 9-10).

In its brief in opposition (Dkt. #105), plaintiff argues that the March 2015 Discovery

Ruling already determined that the information is not relevant (at 2-3), plaintiff fully complied with this ruling and that the additional information redacted on AOHICR 251 relates to other claimants not already known to defendant (at 3-4), that defendant's "paranoia is unfounded[,]" and if there had been any evidence of "collusion," the Magistrate Judge would have noticed it in reviewing the 2,888 pages of documents (at 4-5), that plaintiff was protecting the same confidential information at the deposition as had been protected in the March 2015 Discovery Ruling and disclosure is prohibited under the confidentiality provision of Section X of plaintiff's settlement agreement with Lloyds (at 5-7), the redacted information is not relevant to defendant's claims (at 7-10), preliminary negotiations are superseded by the integration clause of Section XVII of the settlement agreement (at 10), ordering disclosure would violate public policy which favors settlements (at 11-12), and the Court should not order additional depositions.  (At 12).

  In its reply brief (Dkt. #109), defendant argues that the unredacted documents are relevant on a newly discovered issue, namely collusion between plaintiff and Lloyds, as well as its three affirmative defenses (at 2-4), counsel already had agreed that defendant could have access to the final list of claimants that were the subject of the settlement (at 4-5), Judge Arterton already has rejected plaintiff's argument with respect to confidentiality in her January 2015 Discovery Ruling, 2015 WL 164069, at *8-9, there are two protective orders in effect in this case (at 5-6), and defendant is entitled to deposition testimony regarding the redacted documents.  (At 6-7).

  As previously indicated, plaintiff has provided redacted and unredacted versions of these nine documents, which was very helpful to the Court.  The Magistrate Judge also agrees that from her prior review of these 2,888 pages, the issue of collusion certainly did

not leap off of the pages, but leaves to defendant to find any conclusions it deems fit. As before, many of the redacted portions remain irrelevant to the issues in this case, but unfortunately lend more mystery than they deserve. In light of the fact that these documents at times indicate that there are eleven other claimants than the ones at issue here and in light of the highly publicized matter concerning a local physician, plaintiff shall provide supplemental copies of these nine documents to defendant, which now include the following previously redacted portions:

(1) AOHICR0000001:
(a) second full paragraph, second line – include the four redacted words;
(b) second full paragraph, eighth and ninth lines – include the twenty-one redacted words;[3]
(c) third full paragraph, second line – include the eleven redacted words.

(2) AOHICR0000002:
(a) third full paragraph (which includes the details of other claimants) – disclosure only if the parties both agree, with permission of this Court in light of the prior confidentiality agreement; otherwise, plaintiff shall simply list, by Code (Claimant 1, Claimant A, Claimant Alpha, etc.) the other claimants who are discussed in this paragraph, without providing any details with respect to them;
(b) final paragraph, fourth line – include the five redacted words;
(c) final paragraph, and fourth and fifth lines – disclosure of other claimants' names if agreed upon or by Code.

(3) AOHICR0000004 (July 25, 2012 e-mail):
(a) first paragraph, first through third lines – disclosure only if the parties both agree, with permission of this Court in light of the prior confidentiality agreement; otherwise, plaintiff shall simply list, by Code (as discussed above) the other claimants who are discussed in this paragraph, without providing the names of the clergy involved;
(b) first paragraph, fourth line – include the two redacted words;
(c) second paragraph, second line – include the two redacted words;
(d) second paragraph, tenth line – disclosure only if the parties both agree, with permission of this Court in light of the prior confidentiality agreement; otherwise, plaintiff shall mention the other claimant by Code;
(e) second paragraph, eleventh line – include the two redacted words.

---

[3]Some of this information already appears on AOHICR0000004 and AOHICR0000005.

(4) <u>AOHICR0000005</u>:
Carryover paragraph – include the two redacted words.

(5) <u>AOHICR0000197</u>:
Under Counterproposal, include the three redacted words.

(6) <u>AOHICR0000198</u>:
First paragraph and footnote 2 – disclosure only if the parties both agree, with permission of this Court in light of the prior confidentiality agreement; otherwise, plaintiff shall mention the two other claimants only by Code.

(7) <u>AOHICR0000201</u>:
Carryover paragraph, second line – disclosure only if the parties both agree, with permission of this Court in light of the prior confidentiality agreement; otherwise, plaintiff shall mention the two other claimants only by Code.

(8) <u>AOHICR0000236</u>:
(a) first paragraph, first through third lines – include these lines, but continue to redact out the amount;[4]
(b) second paragraph – continue to redact out this paragraph;[5]
(c) third paragraph – disclosure only if the parties both agree, with permission of this Court in light of the prior confidentiality agreement; otherwise, plaintiff shall mention the two other claimants only by Code;
(d) fourth paragraph, fourth line – disclosure only if the parties both agree, with permission of this Court in light of the prior confidentiality agreement; otherwise, plaintiff shall mention the two other claimants only by Code;
(e) fourth paragraph, fourth through sixth lines – include these lines, disclosure of the claimant's name only if the parties both agree, with permission of this Court in light of the prior confidentiality agreement; otherwise, plaintiff shall mention the other claimant only by Code.

(9) <u>AOHICR0000237</u>:
Second paragraph, third line and third paragraph – disclosure only if the parties both agree, with permission of this Court in light of the prior confidentiality agreement; otherwise, plaintiff shall mention the three claimants only by Code.

(10) <u>AOHICR0000249, August 31, 2012 e-mail</u>:
First paragraph, second line – include the two redacted words.

(11) <u>AOHICR0000250</u>:

---

[4]Defendant need not know the specifics of that settlement.

[5]<u>See</u> note 4 <u>supra</u>.

Fifth and sixth paragraphs – include these paragraphs.[6]
(12) AOHICR0000251, August 3, 2012 e-mail:
Same as (1) supra.

(13) AOHICR0000301:
Disclosure only if both parties agree, with permission of this Court in light of the prior confidentiality agreement; otherwise, plaintiff shall list the nine other claimants only by Code.

(14) AOHICR0000342:
Third paragraph – include this paragraph.

(15) AOHICR0000355:
First paragraph, second through sixth lines – same as (2)(a) supra.

(16) AOHICR0000356:
(a) third paragraph, eighth and ninth lines and footnote 1 – include redacted sentences;
(b) fifth paragraph, second line – include the ten redacted words.

(17) AOHICR001426:
Same as (13) above with respect to the ten other claimants.

(18) AOHICR001427:
Same as (13) above with respect to the eighteen other claimants.

(19) AOHICR001431:
The banking information may continue to be redacted.

If defendant wishes, it may conduct a continued deposition of Attorney Sitarz with respect to the newly disclosed portions of these nineteen pages.

Accordingly, defendant's Motion to Compel Production of Documents and Deposition Testimony (Dkt. #101) is granted to the extent set forth above.

Because this ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892

---

[6] Some of this information already appears on AOHICR0000005.

F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**, the box of documents will remain in this Magistrate Judge's Chambers.  If either party files an objection to this ruling, then the documents will be filed **under seal** and forwarded to Judge Arterton's Chambers for her in camera review.  If no objection is filed, then the documents will be returned to plaintiff's counsel.

      This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

      Dated at New Haven, Connecticut, this 24th day of August, 2015.

                                                                   /s/ Joan G. Margolis, USMJ
                                                                  Joan Glazer Margolis
                                                                  United States Magistrate Judge