UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HARTFORD ROMAN CATHOLIC DIOCESAN CORPORATION : <br> : <br> Plaintiff : <br> : <br> v. : <br> : <br> INTERSTATE FIRE & CASUALTY COMPANY : <br> : <br> Defendant. : | CIVIL ACTION NO. 3:12-CV-01641 (JBA) <br><br><br><br><br><br><br><br> AUGUST 31, 2015 |

**DEFENDANT INTERSTATE FIRE & CASUALTY COMPANY'S LOCAL RULE 56 (a) 1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

In accordance with Local Rule 56 (a) 1, the Defendant, Interstate Fire & Casualty Company's ("Interstate"), hereby submits this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment.

## STATEMENT OF UNDISPUTED FACTS

### A. The Archdiocese's Insurance Program

1. The Archdiocese was insured under a series of excess level liability indemnity policies issued by Interstate during the period of September 1, 1978 through September 1, 1985 (the "Interstate Policies"). (11/19/12 *Compl.*, ¶ 6, Dkt. No. 1; 1/11/13 Answer and Affirmative Defenses, Dkt No. 16, ¶ 6).

2. The Interstate Policies were part of a multi-layered insurance program commonly referred to as the Bishop's Plan and procured by the Archdiocese through Arthur J. Gallagher &

Co. (Illinois) in order to provide, among other things, excess liability indemnity coverage against third-party claims. (The Bishop's Plan Brochure (Tobin Declaration, ¶ 3, **Ex. A**, p. 67-70 and Exhibit 31 thereto).

3. The Interstate Policies only "indemnify the insured for the amount of loss which is in excess of the applicable limits of liability of the underlying insurance." (Interstate Policies, **Part I - INSURING AGREEMENTS, 1. Excess Liability Indemnity** (Tobin Declaration, ¶ 3, **Ex. A**, p. 70-71 and Exhibit 32 thereto, exemplar of relevant policy language at Interstate004495).)

4. During the relevant policy periods, the Interstate Policies were excess to not only a self-insured retention maintained by the Archdiocese ("SIR"), but also a layer of primary insurance coverage provided by Lloyds and various other insurers and Centennial Insurance Company ("Centennial").[1] (*Compl.*, ¶ 12; *Ans.*, ¶ 12).

5. Given that the Interstate Policies are *indemnity policies*, they do not include a duty to defend the Archdiocese or its priests in connection with the underlying sex abuse claims. (Interstate Policies, **Part I - INSURING AGREEMENTS, 1. Excess Liability Indemnity** (Tobin Declaration, ¶ 3, **Ex. A**, p. 70-71 and Exhibit 32 thereto, exemplar of relevant policy language at Interstate004495).)

---

[1] The Archdiocese's SIR varied from $60,000 to $100,000 depending on policy year. The underlying insurers provided coverage above the SIR up to $200,000. (Tobin Declaration, **Ex. A**, ¶ 3, p. 82-95 and Exhibit 33-35 thereto, relevant policy language at HRCD0063017, Interstate004314, Interstate004561); (Tobin Declaration, **Ex. B**, p. 47-48 and excerpt of Exhibit S thereto, exemplar of relevant policy language at AJG000025).).

2

6. Moreover, given the Interstate Policies are *excess level indemnity policies*, they are not triggered, if at all, until after the Archdiocese actually pays an underlying liability that exceeds Interstate's layer of coverage, complies with all policy conditions and exhausts its self-insured retention and any underlying layers of insurance. (*Id.*).[2]

7. The Interstate Policies "follow form" with the underlying Lloyd's Policies.

> The provisions of the immediate underlying policy or Incorporated as part of this policy except for any obligation to investigate and defend and pay for costs and expenses incident to same, the amount of the limits of liability, any "other insurance" provision and any other provisions therein which are inconsistent with the provisions of this policy. Consequently, it is the provisions of the Lloyd's Policies that are the subject of the present motion.

(*Id.*; Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 8, (Tobin Declaration, ¶ 8, **Ex. F**).)

8. The terms of the Lloyd's Policies relevant to the present motion are the same across the relevant policy years. The Insuring Agreement in the Lloyd's Policies states:

### SECTION II – CASUALTY INSURANCE

### INSURING AGREEMENTS

> **AGREEMENT C – GENERAL LIABILITY:** Underwriters hereby agree, subject to the limitations, terms and conditions hereunder mentioned, to indemnify the Assured for all sums which the Assured shall be obligated to pay by reason of the liability imposed upon the Assured by law or assumed by the Named Assured under contract or agreement, for damages direct or consequential, and expenses, all as more fully defined by the term "ultimate net loss", on account of personal injuries … arising out of any occurrence happening during the period of Insurance.

---

[2] The Archdiocese disputes the exhaustion requirement, but that dispute is not material to this Motion for Summary Judgment.

(Lloyd's Policies, **SECTION II – CASUALTY INSURANCE, INSURING AGREEMENTS, AGREEMENT C - GENERAL LIABILITY,** (Tobin Declaration, ¶ 3, **Ex. A**, p. 82-95 and Exhibit 33-35 thereto, exemplar of relevant policy language at HRCD0062996); (Tobin Declaration, ¶ 4, **Ex. B**, p. 47-48 and excerpt of Exhibit S thereto, exemplar of relevant policy language at AJG000038).).

9. The term "Assured" includes the Archdiocese and, among others, "any official, trustee or employee of [the Archdiocese] while acting within the scope of his duties as such . . . ." (*Id.*, **PART II, SPECIFIC EXCESS AGREEMENT, GENERAL INSURANCE AGREEMENTS, II. NAME OF INSURED** (Tobin Declaration, ¶ 3, **Ex. A**, p. 82-95 and Exhibit 33-35 thereto, exemplar of policy language at HRCD0063017); (Tobin Declaration, ¶ 4, **Ex. B**, p. 47-48 and excerpt of Exhibit S thereto, exemplar of relevant policy language at AJG000033).).

10. The Lloyd's Policies also contain the following Assault and Battery Exclusion:

THIS INSURANCE DOES NOT APPLY –

(a) to liability of any Assured for assault and battery committed by or at the direction of such Assured except liability for Personal Injury or Death resulting from any act alleged to be assault and battery for purpose of preventing injury to persons or damage to property; . . .

(*Id.*, **SECTION II EXCLUSIONS (a)** (Tobin Declaration, ¶ 3, **Ex. A**, p. 82-95 and Exhibit 33-35 thereto, exemplar of relevant policy language at HRCD0062998); (Tobin Declaration, ¶ 4, **Ex. B**, p. 47-48 and excerpt of Exhibit S thereto, exemplar of relevant policy language at AJG000040).).

### B. The Underlying Claims

#### *1. RM Claim*

11. The Archdiocese, through its attorney, John W. Sitarz, notified Interstate of a "new sexual abuse claim" by way of a letter dated August 30, 2006 enclosing a letter from RM's counsel in which he detailed the sexual abuse RM claimed to have suffered at the hands of Father Ivan Ferguson. (8/30/06 Sitarz Ltr. (Tobin Declaration, ¶ 6, **Ex. D**, p. 36-38 and Exhibit 1 thereto); Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 9 and corresponding attachment (Tobin Declaration, ¶ 8, **Ex. F**).).

12. Similarly, on December 7, 2006, Gallagher Bassett Insurance Services ("Gallagher Bassett"), acting as the third party administrator of the Archdiocese's insurance program, sent an Initial Notification Letter again detailing the various sexual "assaults" being claimed by RM. (12/7/06 Gallagher Bassett Ltr. (Tobin Declaration, ¶ 6, **Ex. D**, p. 36-39 and Exhibit 3 thereto); Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 11 and corresponding attachment (Tobin Declaration, ¶ 8, **Ex. F**).).

13. Thereafter, on or about October 7, 2007, RM filed a two-count Complaint against the Archdiocese alleging negligence and reckless and wanton conduct. (*RM v. The Hartford Roman Catholic Diocesan Corporation*, Docket No. UWY-CV-07-5007642-S, Superior Court, Complex Litigation Docket, at Waterbury (Tobin Declaration, ¶ 7, **Ex. E**).).

14. Sexual abuse by Father Ferguson was a central factual element common to each count. (*Id.*).

15. On August 4, 2010, the Archdiocese reached a settlement with RM whereby, in exchange for settlement monies, RM agreed to "release and forever discharge The Hartford Roman Catholic Diocesan Corporation ("Archdiocese of Hartford") and all of its past, present and future Archbishops, Bishops, Auxiliary Bishops, Priests, including but not limited to *Rev. Ivan Ferguson*, . . . , from any and all manner of liability . . . including but not limited to all matters arising out of or relating to *alleged sexual misconduct* as alleged in a certain civil action entitled: **[RM] v. The Hartford Roman Catholic Diocesan Corporation** . . . ." (Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 13 and corresponding attachment (Tobin Declaration, ¶ 8, <u>Ex. F</u>).).

### 2. *KS Claim*

16. The Archdiocese, through Attorney Sitarz, notified Interstate of a "new, clergy sexual-abuse claim" by way of a letter dated October 31, 2007, enclosing a letter received from KS's counsel in which he detailed the sexual abuse KS claimed to have suffered at the hands of Father Stephen Crowley. (10/31/07 Sitarz Ltr (Tobin Declaration, ¶ 6, <u>Ex. D</u>, p. 36-38, 181 and Exhibit 8 thereto); Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 20, and corresponding attachment (Tobin Declaration, ¶ 8, <u>Ex. F</u>).).

17.     Thereafter, on November 21, 2007, Gallagher Bassett sent an Initial Notification Letter regarding the claim. (11/21/07 Gallagher Bassett Ltr. (Tobin Declaration, ¶ 6, **Ex. D**, p. 36-38, 181-82 and Exhibit 9 thereto); Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 21, and corresponding attachment (Tobin Declaration, ¶ 8, **Ex. F**).).

18.     Subsequently, on January 26, 2011, the Archdiocese reached a settlement with KS whereby KS agreed, in exchange for settlement monies, to "release and forever discharge The Hartford Roman Catholic Diocesan Corporation ("Archdiocese of Hartford") and all of its past, present and future Archbishops, Bishops, Auxiliary Bishops, Priests, including but not limited to *Rev. Stephen Crowley*, . . . , from any and all manner of liability . . . in any way connected with certain ***alleged incidents of clergy sexual misconduct and assaults*** allegedly occurring in the State of Connecticut in and about the fall of 1981 to the Spring of 1982." (1/26/11 General Release (Tobin Declaration, ¶ 6, **Ex. D**, p. 36-38, 186 and Exhibit 11 thereto); Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 24, and corresponding attachment (Tobin Declaration, ¶ 8, **Ex. F**).). (Emphasis added).

### 3.     *JA Claim*

19.     The Archdiocese, through Attorney Sitarz, notified Interstate of a new claim alleging "abuse" by way of a letter dated June 5, 2008, enclosing a letter received from JA's counsel in which he detailed the sexual abuse KS claimed to have suffered at the hands of Father Robert Ladamus. (6/5/08 Sitarz Ltr (Tobin Declaration, ¶ 6, **Ex. D**, p. 36-38, 193-94 and Exhibit

7

14 thereto); Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 31, and corresponding attachment (Tobin Declaration, ¶ 8, **Ex. F**).).

20. Thereafter, on June 13, 2008, Gallagher Bassett sent an Initial Notification Letter again detailing the sexual "assaults" being claimed by JA. (6/13/08 Sitarz Ltr (Tobin Declaration, ¶ 6, **Ex. D**, p. 36-38, 194 and Exhibit 15 thereto); Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 32, and corresponding attachment (Tobin Declaration, ¶ 8, **Ex. F**).).

21. On February 15, 2012, the Archdiocese reached a settlement with JA whereby JA agreed, in exchange for settlement monies, to "release and forever discharge The Hartford Roman Catholic Diocesan Corporation ("Archdiocese of Hartford") and all of its past, present and future Archbishops, Bishops, Auxiliary Bishops, Priests, including but not limited to *Rev. Robert Ladamus*, . . . , from any and all manner of liability . . . in any way connected with certain *alleged incidents of clergy sexual misconduct and assaults* allegedly occurring in the State of Connecticut in and about the 1980's." (2/15/12 General Release, (Tobin Declaration, ¶ 6, **Ex. D**, p. 36-38, 203 and Exhibit 17 thereto); Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 35 and corresponding attachment (Tobin Declaration, ¶ 8, **Ex. F**).).

### 4. Matthew Doe

22. The Archdiocese, through Attorney Sitarz, notified Interstate of the Matthew Doe claim by way of a letter dated June 27, 2008, enclosing a May 28, 2008 Complaint filed against

8

the Archdiocese and detailing the sexual abuse Matthew Doe claimed to have suffered at the hands of Father Ivan Ferguson. (6/27/08 Sitarz Ltr (Tobin Declaration, ¶ 6, **Ex. D**, p. 36-38, 137 and Exhibit 19 thereto); Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 41, and corresponding attachment (Tobin Declaration, ¶ 8, **Ex. F**).).

23. The two-count Complaint alleged negligence and reckless and wanton conduct. (*Id.*).

24. As with the RM claim, sexual abuse by Father Ferguson was a factual element common to each count. (*Id.*).

25. Thereafter, on July 2, 2008, Gallagher Bassett sent an Initial Notification Letter again detailing the sexual "assaults" being claimed by Matthew Doe. (7/2/08 Gallagher Bassett Ltr. (Tobin Declaration, ¶ 5, **Ex. C**).

26. On May 14, 2012, the Archdiocese reached a settlement with Matthew Doe whereby, in exchange for settlement monies, Matthew Doe agreed to "release and forever discharge The Hartford Roman Catholic Diocesan Corporation ("Archdiocese of Hartford") and all of its past, present and future Archbishops, Bishops, Auxiliary Bishops, Priests, including but not limited to *Rev. Ivan Ferguson*, . . . , from any and all manner of liability . . . including but not limited to all matters arising out of or relating to *alleged sexual misconduct* as alleged in a certain civil action entitled: **Matthew Doe v. The Hartford Roman Catholic Diocesan Corporation . . . .**" (5/14/12 General Release, (Tobin Declaration, ¶ 6, **Ex. D**, p. 36-38, 178 and Exhibit 21 thereto); Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of

9

Requests for Admission and Second Set of Requests For Production, ¶ 44 and corresponding attachment (Tobin Declaration, ¶ 8, **Ex. F**).).

27. After the Archdiocese settled each of the Underlying Claims it provided notice to Interstate that it had paid the Underlying Claimants. (Interstate's 4/24/15 Objections and Responses to Archdiocese's First Set of Requests for Admission and Second Set of Requests For Production, ¶ 17, 27, 37 and 44 and corresponding attachment (Tobin Declaration, ¶ 8, **Ex. F**).).

28. The Archdiocese initiated the present action on November 19, 2012. (11/19/12 *Compl.*, Dkt. No. 1).

### C. The Lawsuit

29. The Complaint alleges causes of action against Interstate for breach of contract (Count One), breach of the covenant of good faith and fair dealing (Count Two), and violation of CUIPA/CUTPA (Count Three), each arising out of Interstate's alleged failure to compensate the Archdiocese for payments made by the Archdiocese in defending and settling the Underlying Claims. (*Id.*).

30. In its Complaint, the Archdiocese affirmatively asserts that the Underlying Claimants each claimed to have been sexually abused by priests of the Archdiocese and also claimed that the Archdiocese failed to protect them from the sexual abuse of its clergy. (*Id.*, at ¶¶ 23, 31, 38, and 45).

31. Interstate filed its Answer to the Complaint on January 11, 2013. (*See* 1/11/13 Answer and Affirmative Defenses, Dkt No. 16). In its Answer, Interstate admits that the

Underlying Claimants each claim to have been sexually abused by priests of the Archdiocese and asserts fourteen affirmative defenses. (*Id.*, at ¶¶ 23, 31, 38, 45 and Affirmative Defenses).

32. Interstate's Eighth Affirmative Defense states that: "[t]he Assault and Battery Exclusion contained in the Lloyd's Policy, to which the Interstate Policy follows form, bars coverage for any Assured when properly interpreted and applied." (*Id.*, at Eighth Affirmative Defense).

Date: August 31, 2015

                DEFENDANT,
                INTERSTATE FIRE & CASUALTY COMPANY

                By: /s/ Rhonda J. Tobin
                Rhonda J. Tobin (ct07755)
                Stephen O. Clancy (ct27617)
                ROBINSON & COLE LLP
                280 Trumbull Street
                Hartford, CT 06103-3597
                Tel. No. (860) 275-8200
                Fax No. (860) 275-8299
                Email: rtobin@rc.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2015, the foregoing Local Rule 56(a)1 Statement of Undisputed Material Facts was filed electronically. Notice of this filing will be sent by e-mail to all Parties by operation of the Court's electronic filing system. Pursuant to the Court's July 21, 2015 Order (Dkt. No. 97) granting the parties' *Joint Motion for Permission to Implement Modified Filing Procedure* (Dkt. No. 96), notice of the filing of Defendant's Motion for Summary Judgment was previously filed via ECF on August 31, 2015. In addition, a complete unredacted copy of this Motion was previously provided to the Court and served on opposing counsel in accordance with the Court's July 21, 2015 Order (Dkt. No. 97) granting the parties' *Joint Motion for Permission to Implement Modified Filing Procedure* (Dkt. No. 96).

/s/Rhonda J. Tobin
Rhonda J. Tobin