UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE HARTFORD ROMAN CATHOLIC
DIOCESAN CORPORATION,

    Plaintiff,

v.

INTERSTATE FIRE & CASUALTY
COMPANY,

    Defendant.

CIVIL ACTION
NO. 3:12-cv-01641-JBA

AUGUST 31, 2015

## PLAINTIFF THE HARTFORD ROMAN CATHOLIC DIOCESAN CORPORATION'S MOTION FOR SUMMARY JUDGMENT

This insurance coverage dispute arises out of the failure of Defendant Interstate Fire & Casualty Company ("Interstate") to indemnify Plaintiff The Hartford Roman Catholic Diocesan Corporation ("the Archdiocese") for settlements it paid to Underlying Claimants who alleged that the Archdiocese did not protect them from the sexual misconduct of priests. The Archdiocese now moves, pursuant to Fed. R. Civ. P. 56, for summary judgment in its favor on Count One (Breach of Contract) for Interstate's failure to indemnify, in breach of its policies. In addition, the Archdiocese moves for summary judgment in its favor on Interstate's Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Thirteenth Affirmative Defenses. Interstate has indicated that it is not pursuing the remaining defenses.

Summary judgment should be granted because there is no dispute as to any material fact and the Archdiocese is entitled to judgment as a matter of law. The

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

Archdiocese can establish that it is entitled to judgment on the three issues on which it bears the burden of proof: (1) the personal injuries alleged by the Underlying Claimants were caused by a covered occurrence because the Archdiocese did not expect or intend those injuries (Count One and Third Affirmative Defense), (2) none of the conditions precedent in the policies required the Archdiocese to do the things that Interstate has demanded (Count One and Fourth, Fifth and Sixth Affirmative Defenses), and (3) the Archdiocese paid reasonable settlement amounts to the Underlying Claimants (Count One). In addition, Interstate will not be able to meet its burden of proving its affirmative defenses that (1) its policies require full payment by the insurance companies in the layer below Interstate (Second Affirmative Defense), (2) parts of the settlements should be allocated to individual priests who were not named as defendants in the Underlying Claims (Seventh and Thirteenth Affirmative Defenses), (3) the allegations in the Underlying Claims are solely and entirely within the scope of the assault and battery exclusion (Eighth Affirmative Defense), and (4) waiver, estoppel or bad faith conduct bar the Archdiocese from recovery (Ninth Affirmative Defense). The factual and legal bases for this Motion are set forth in more detail in the accompanying Local Rule 56(a)1 Statement and Memorandum of Law.

PLAINTIFF – THE HARTFORD ROMAN
CATHOLIC DIOCESAN CORPORATION

By /s/ Elizabeth J. Stewart
   Elizabeth J. Stewart
   Marilyn B. Fagelson
   Melissa A. Federico

Murtha Cullina LLP
265 Church Street, 9th Floor
New Haven, CT 06510
Telephone: 203-772-7700
Facsimile: 203-772-7723
*estewart@murthalaw.com*
*mfagelson@murthalaw.com*
*mfederico@murthalaw.com*

*Its Attorneys*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2015, the foregoing Motion for Summary Judgment was filed electronically. Notice of this filing will be sent by e-mail to all Parties by operation of the Court's electronic filing system. A copy of the foregoing was also sent via email and UPS overnight mail on August 31, 2015 to Rhonda J. Tobin and Stephen O. Clancy, Robinson & Cole LLP, 280 Trumbull Street, Hartford, CT 06103.

/s/ Elizabeth J. Stewart
Elizabeth J. Stewart