UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HARTFORD ROMAN CATHOLIC DIOCESAN CORPORATION, | |
| Plaintiff, | CIVIL ACTION NO. 3:12-cv-01641-JBA |
| v. | |
| INTERSTATE FIRE & CASUALTY COMPANY | |
| Defendant. | MARCH 10, 2016 |

## PLAINTIFF THE HARTFORD ROMAN CATHOLIC DIOCESAN CORPORATION'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE ADDUCED DURING UNDERLYING CLAIMS[1]

Plaintiff The Hartford Roman Catholic Diocesan Corporation (the "Archdiocese") hereby moves, *in limine*, for an order precluding Defendant, Interstate Fire & Casualty Company ("Interstate") from introducing into evidence at this trial various categories of evidence that had been adduced in the underlying claims giving rise to the Archdiocese's claims for indemnification, which will be hereinafter categorized as the "Deposition Transcripts" and the "Other Pleadings."

The Archdiocese respectfully requests that this Court exclude both categories of exhibits, if offered for the truth of the matters asserted by the declarants therein, as inadmissible hearsay. With respect to the Deposition Transcripts and Other Pleadings that consist of or reference statements made by declarants who will testify at this trial, the Archdiocese respectfully requests that use of those exhibits for their truth be

---

[1] The Archdiocese has corrected the title of this motion.

limited to the extent set forth in Fed. R. Evid. 801(d)(1), subject to the limits of Fed. R. Evid. 403. Finally, if Interstate is permitted to introduce any of the Deposition Transcripts into evidence for any purpose, the Archdiocese respectfully requests that this Court order Interstate to designate the page and line numbers of the testimony that it intends to introduce into evidence at trial and, with respect to the Truncated Exhibits, introduce all other parts of these Truncated Exhibits that in fairness should be considered with the parts it wishes to introduce.

## **BACKGROUND**

In this Action, the Archdiocese seeks damages for Interstate's refusal to provide indemnification under the excess general liability insurance policies issued by Interstate to the Archdiocese for claims that the Archdiocese had submitted for coverage. Among other defenses to payment, Interstate claims in its Third Affirmative Defense that several of the Archdiocese's claims are not "occurrences" under the policy because the Archdiocese expected or intended for the abuse to occur. In its summary judgment ruling on that defense, this Court ruled that, for the claims to fall outside the scope of the term "occurrence" under the policy, because they were "expected" by the Archdiocese, the Archdiocese had to know, subjectively, that there was a substantial probability that the offending priests would abuse the Underlying Claimants. (ECF No. 161 at 21-22)

The Archdiocese expects that Interstate will attempt to admit the following eighteen (18) exhibits – which consist of, reference, or summarize deposition testimony of declarants from cases other than this case (hereinafter the "Deposition

Transcripts") – into evidence to show that individual priests should have known about abuse by the priests at issue in the Underlying Claims:

- Deposition Transcripts relating to statements of declarants who <u>will not</u> testify at this trial:
    - "Excerpts from the deposition of Father Ivan Ferguson dated June 18, 1997;" [Exhibit 521]
    - "[Jacob Doe] Deposition Transcript, Doe v. Hartford Roman Catholic Diocesan Corp. dated 10/22/2010;" [Exhibit 562]
    - "Excerpts of deposition transcript of [Matthew Doe] dated November 20, 2010;" [Exhibit 563]
    - "Memo from John Sitarz to File ([Matthew Doe]) dated December 7, 2010 Re: Deposition Summary of [Matthew Doe];" [Exhibit 564]
    - "Deposition transcript of Donna Doherty dated September 20, 2011;" [Exhibit 575]
    - "Memo from John Sitarz to Files (Jacob Doe and Matthew Doe) dated September 22, 2011 Re: Deposition Summary of Donna Dougherty;" [Exhibit 577]
    - "Excerpts from deposition transcript of Father Thomas Doyle dated October 20, 2011;" [Exhibit 581]
    - "Memo from John Sitarz to Files (Jacob Doe and Matthew Doe) dated November 11, 2011 Re: Deposition Summary of Father Doyle;" [Exhibit 583]
    - "Deposition transcript of Reverend Leonard J. Kvedas dated December 5, 2011;" [Exhibit 585]
    - "Deposition transcript of Michael Griffin dated December 21, 2011;" [Exhibit 586]
    - "Excerpts from deposition transcript of Dr. Alexander Bodkin dated December 22, 2011;"[2] [Exhibit 587]

---

[2] This proposed exhibit, along with "Excerpts of deposition transcript of [Matthew Doe] dated November 20, 2010" and "Excerpts from deposition transcript of Father Thomas Doyle dated October 20, 2011" are mere excerpts from depositions (hereinafter the "Truncated Exhibits") which lack context for the testimony so excerpted.

- o "Memo from John Sitarz to Niles Mallory File dated October 23, 2009 Re: Deposition Summary of Jacquelyn Mallory;" [Exhibit 547]
- o "Letter from John Sitarz to Gallagher Bassett dated September 24, 2009 Re: Richard Mallory enclosing Deposition Summary of Richard Mallory;" [Exhibit 546] and
- o "Memo from John Sitarz to Files (Jacob Doe and Matthew Doe) dated December 22, 2011 Re: Deposition Summary of Professor Philip Jenkins." [Exhibit 587]
- o Memo from John Sitarz to File (Doe-Ferguson) dated January 14, 1998 re: Deposition of Carolyn J.(ICR0654) [Exhibit 500]
- o Memo from John Sitarz to File (Doe-Ferguson) dated January 14, 1998 re: Deposition of Therese M.(ICR0656) [Exhibit 501]

- Deposition Transcripts relating to statements of declarants who <u>will</u> testify at this trial.
    - o "Monsignor McCarthy Deposition Transcript; <u>Matthew Doe / Jacob v. The Hartford Roman Catholic Diocesan Corp.</u>; dated July 1, 2011;" [Exhibit 504]
    - o "Deposition transcript of Reverend Gene E. Gianelli dated October 17, 2011;" [Exhibit 517]
    - o "Letter from John Sitarz to Gallagher Bassett dated October 19, 2011 Re: Jacob Doe and Matthew Doe attaching the Deposition [summary of Reverend Gene Gianelli];" [Exhibit 580] and
    - o "Letter from John Sitarz to Gallagher Bassett dated May 18, 2010 Re: Niles Mallory, Richard Mallory, and Paul Mallory attaching Memo from John Sitarz to Niles Mallory file Re: Deposition of [KC]." [Exhibit 554]
    - o Memo from John Sitarz to File (Niles Mallory) dated May 18, 2010 re: Deposition of K.C.(HRCD0011332)[3] [Exhibit 554]

The Archdiocese also expects that Interstate will attempt to admit the following thirteen (13) exhibits (hereinafter the "Other Pleadings") into evidence to show that

---

[3] Interstate identified this exhibit on March 1, 2016. It appears to be a duplicate of the preceding exhibit.

-4-

individual priests should have known about abuse by the priests at issue in the Underlying Claims:

- Summaries of pleadings:
    - "Email from John Sitarz to Kathryn Metz dated January 24, 2012 Re: Defendant's motions in limine;" [Exhibit 686] and
    - "Email from John Sitarz to Kathryn Metz, dated January 31, 2012 Re: Jacob Doe Case." [Exhibit 594]
- Expert disclosures such as "Letter from John Sitarz to Gallagher Bassett dated February 16, 2010 Re: Richard Mallory enclosing expert witness disclosures;" [Exhibit 652]
- Responses to Discovery:
    - Answers to Interrogatories by underlying plaintiffs, who <u>will not</u> testify at this trial:
        - "Supplemental Compliance dated March 11, 2009 – Richard Mallory v. The Hartford Roman Catholic Diocesan Corporation" [Exhibit 540][4]
        - "Supplemental Compliance dated May 29, 2009 - Richard Mallory v. The Hartford Roman Catholic Diocesan Corporation;" [Exhibit 541]
        - "Letter from John Sitarz to Gallagher Bassett dated June 19, 2009 Re: Richard Mallory enclosing Plaintiff's Supplemental Compliance dated May 29, 2009;" [Exhibit 541]
        - "Letter from John Sitarz to Gallagher Basse[tt] dated June 16, 2010 Re: Matthew Doe v. THRCDC;" [Exhibit 557]
        - "Supplemental Compliance dated October 15, 2010 - Matthew Doe v. The Hartford Roman Catholic Diocesan Corporation;" [Exhibit 560]
        - "Email from John Sitarz for Kathryn Metz dated October 19, 2010 Re: Matthew Doe v. THRCDC - Claim # 0000-005308-PI-01;" [Exhibit 561]
        - "Letter from John Sitarz to the Honorable Kevin G. Dubay dated August 5, 2011 Re: Matthew Doe enclosing documents

---

[4] This set of interrogatories did not appear on Interstate's original exhibit list, and therefore the Archdiocese did not include it in its original motion.

referenced in August 5, 2011 Objections to Plaintiff's Requests for [Admission];" [Exhibit 572]
- Answers to Interrogatories of the Archdiocese, who <u>will</u> testify at this trial:
  - "Archdiocese's Responses to Interrogatories in Jacob Doe v. The Hartford Roman Catholic Diocesan Corp.; Verified January 21, 2011;" [Exhibit 502]
  - "Defendant's Supplemental Responses to Plaintiff's Interrogatories dated October 6, 2010 - Jacob Doe v. THRCDC;" [Exhibit 503]
  - "Defendant's Supplemental Responses to Plaintiff's Interrogatories [dated December 16, 2010];" [Exhibit 566] and
  - "Archdiocese's Responses to Interrogatories in Matthew Doe v. The Hartford Roman Catholic Diocesan Corp.; dated September 22, 2010-Not Verified." [Exhibit 569]

As detailed below, the Archdiocese respectfully requests that Interstate be limited in its use of both the Deposition Transcripts and the Other Pleadings.

## ARGUMENT

### I. THE DEPOSITION TRANSCRIPTS ARE INADMISSIBLE HEARSAY THAT DO NOT QUALIFY AS FORMER TESTIMONY.

Interstate should be precluded from entering into evidence any of the Deposition Transcripts for the truth of the matters asserted therein because Interstate has failed to show that the witnesses are "unavailable," or that the Archdiocese had a similar motive to develop the testimony as to the issues relevant to the current trial.

Hearsay, defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"; Fed. R. Evid. 801(c); is generally inadmissible. Fed. R. Evid. 802. Rule 804(b)(1) authorizes a party to enter certain hearsay into evidence if it is a statement by an unavailable witness that: "(A) was given

as a witness at a . . . lawful deposition, whether given during the current proceeding or a different one; and (B) is now offered against a party who had -- or, in a civil case, whose predecessor in interest had -- an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). A witness is "unavailable" if the witness "is absent from the trial . . . and the statement's proponent has not been able, by process or other reasonable means, to procure: (A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) . . . ." Fed. R. Evid. 804(a)(5)(A). A witness is also "unavailable" if he or she testifies at the current trial but also "testifies to not remembering the subject matter." Fed. R. Evid. 804(a)(3).

Interstate will be unable to show that the declarants – the deponents from the various Deposition Transcripts – are unavailable. As to the category of deponents who are not set to testify at trial, Interstate will fail to show that the deponents other than Father Ferguson, who has passed away, cannot be present at trial because of medical reasons; Fed. R. Evid. 804(a)(4); or that Interstate has attempted, by process or other reasonable means, to procure their attendance. Fed. R. Evid. 804(a)(5). As to the category of deponents who intend to testify at trial, Interstate will be unable to show that the declarants will be unable to remember the subject matter. Fed. R. Evid. 804(a)(3). Interstate's failure to show unavailability of all deponents is a sufficient basis to exclude these exhibits from trial.

Even if Interstate musters a sufficient showing of the deponents' unavailability (such as by establishing, for example, that Father Ferguson has passed away),

Interstate should nevertheless be precluded from introducing these transcripts at trial for their truth because the Archdiocese had no motive during those depositions to develop the testimony in a manner similar to the motive it has now with respect to the issues in the current trial. In its ruling on the motions for summary judgment, this Court noted that "expecting" abuse, for purposes of insurance coverage, requires that the Archdiocese have had subjective knowledge of a substantial probability of future abuse. On the other hand, in the underlying actions for the Archdiocese's negligence and/or recklessness, the Archdiocese needed only have owed a duty to a plaintiff and breach that duty, which could be satisfied by mere foreseeability of abuse. Thus, to the extent the Archdiocese had an opportunity, pursuant to Fed. R. Evid. 804(b)(1)(B), to develop the testimony of the declarants, it did not have a motive to develop the testimony then that is similar to its motive now because the issue of "expected" abuse, for purposes of an "occurrence," is completely distinct from the issue of negligent and/or reckless conduct in preventing abuse, for purposes of the underlying claim of liability for which indemnification is sought.

The district court in Harleysville aptly described the difference between these two concepts. In adjudicating a motion for summary judgment, the court in Harleysville considered evidence from the underlying trial as demonstrating "severe deficiencies in [the defendant's] operations [that] were enough for the jury to conclude that [the defendant had] acted 'recklessly.'" Harleysville Worcester Ins. Co. v. Paramount Concrete, Inc., 10 F. Supp. 3d 252, 265 (D. Conn. Mar. 31, 2014). But that evidence did not "prove that [the defendant] actually or constructively knew, much less intended"

that certain harm would result, thus making any harm "expected" for purposes of insurance coverage. Id. Put another way, "[l]iability in the underlying action did not depend on what [the defendant] actually or constructively intended; consideration of its subjective state of mind was unnecessary to find either negligence or recklessness." Id. By contrast, because liability in the coverage action did depend on what the defendant actually "expected" or "intended" with respect to the facts underlying the claims, the evidence adduced in the underlying action could not, as a matter of law, have answered the question of subjective intent.

In light of this Court's ruling that the Archdiocese's *subjective* knowledge determines the issue of whether there has been an "occurrence," evidence presented in the underlying actions to show the Archdiocese's negligence or recklessness is, as a matter of law, inapposite. Id.; see also (ECF No. 161 at 20–21). In having had an opportunity to develop testimony of the deponents in the underlying actions with respect to negligence and/or recklessness, the Archdiocese had no motive to develop it with respect to the Archdiocese's *subjective knowledge* because the issue of negligence and/or recklessness did not depend on what the Archdiocese actually or constructively intended; consideration of its subjective state of mind was completely inapposite. As a matter of law, the Archdiocese had no motive to develop the deponents' testimony as to the Archdiocese's subjective knowledge and, accordingly, Interstate cannot be permitted to enter the deposition testimony for its truth because it cannot show that Fed. R. Evid. 804(b)(1)(B) has been satisfied.

That the Deposition Transcripts cannot, as a matter of law, advance Interstate's special defenses is especially true for the Truncated Exhibits. Not only do the Truncated Exhibits fall outside the scope of the former testimony exception for the aforementioned reasons, but *on their face* their substance is neither readily apparent nor placed in a context by which a reader could glean their purpose. The Truncated Exhibits are mere excerpts from voluminous deposition transcripts that fail to provide a complete, let alone coherent, story of their relevance. See Americhem Corp. v. St. Paul Fire & Marine Ins. Co., No. 5:93-CV-47, 1995 WL 861204, at *2 (W.D. Mich. July 12, 1995) (refusing to consider, on summary judgment, deposition transcripts offered by party who did "not argue or offer any evidence that the parties who conducted the cross-examinations had similar motivations in confronting the witnesses as [the defendant] would have in this case," "produced only portions of the testimony," and did "not identify the issues in the other cases"). As such, this Court should preclude Interstate from admitting the Truncated Exhibits into evidence or, in the alternative, order Interstate to place them in a coherent context by introducing all other parts of these Truncated Exhibits that in fairness should be considered with the parts it wishes to introduce.

Because Interstate will be unable to show unavailability of the declarants and/or a similar motive by the Archdiocese to develop testimony of the declarants, and because no other hearsay exceptions or exemptions apply,[5] the Archdiocese

---

[5] With respect to the exhibits of deposition testimony for declarants who will testify at this trial, Interstate may potentially use the Deposition Transcripts to the limited extent

respectfully requests that Interstate be precluded from offering the Deposition Transcripts for the truth of the matters asserted therein.

Additionally, the Archdiocese respectfully requests this same relief with respect to the proposed exhibits containing summaries or characterizations of testimony developed in the Deposition Transcripts.[6] Any summaries of deposition testimony are hearsay within hearsay; not only is the deposition testimony hearsay as detailed above, but any summary or characterization of such deposition testimony constitutes hearsay because the statements made by the declarant in summarizing the transcripts are offered for the truth of the matters asserted therein (i.e., that the deposition transcripts actually say what the declarant claims they do). As such, to the extent Interstate attempts to introduce memoranda summarizing the Deposition Transcripts, this Court should preclude it from doing so.

## II. THE OTHER PLEADINGS ARE INADMISSIBLE HEARSAY THAT DO NOT QUALIFY FOR ANY EXCEPTION.

The Archdiocese hereby incorporates its arguments as set forth in Section I,

---

permitted by Fed. R. Evid. 801(d)(1)(A) and (B). But even a limited use of the transcripts for the truth of the assertions made therein, for both categories of exhibits, should be prohibited because the probative value of the assertions is substantially outweighed by the danger of confusing the issues. Fed. R. Evid. 403. In light of Harleysville and this Court's ruling on summary judgment, this Court should not permit Interstate to attempt to confuse the issue of the Archdiocese's *subjective* knowledge of whether there existed a substantial probability of abuse with its *objective* culpability in failing to prevent abuse under a negligence or recklessness standard.

[6] To the extent any of Interstate's proposed exhibits consist of letters enclosing depositions, summaries of Deposition Transcripts or Other Pleadings, or communications characterizing deposition testimony or the contents of Other Pleadings, the Archdiocese objects to the substance of the enclosures and summaries, but not the fact of enclosure or summary.

supra. Similar to the Deposition Transcripts, the Other Pleadings also constitute inadmissible hearsay insofar as Interstate may attempt to offer them into evidence for their truth in order to show that individual priests should have known about abuse by the priests at issue in the Underlying Claims. Unlike the Deposition Transcripts, however, the Other Pleadings fall even farther outside any potential exception to hearsay because they do not qualify as former testimony and no other exception appears even remotely applicable. To the extent that any of the Other Pleadings contain statements by witnesses who will not testify at this trial, the Archdiocese respectfully requests that such evidence be precluded as inadmissible hearsay. To the extent that any of the Other Pleadings contains statements by witnesses who will testify at this trial, the Archdiocese respectfully requests that such statements be limited. See footnote 2, supra (discussing the limit imposed by Fed. R. Evid. 403 because of Harleysville, 10 F. Supp. 3d at 265).

### III. INTERSTATE SHOULD BE REQUIRED TO DESIGNATE THE PAGE AND LINE NUMBERS OF DEPOSITION TESTIMONY IT INTENDS TO USE, AND PROVIDE THE PROPER CONTEXT.

If Interstate will be permitted to introduce the Deposition Transcripts into evidence for any purpose, including for a purpose other than for the truth of the assertions therein,[7] the Archdiocese respectfully requests that this Court require

---

[7] Interstate claims in its Fourth and Sixth Affirmative Defenses that it should be excused from payment because of the Archdiocese's failure to provide Interstate with proper documentation of the Underlying Claims. To that end, the Archdiocese expects that Interstate will attempt to introduce into evidence memoranda sent to Interstate summarizing certain deposition testimony to show that it received those memoranda instead of actual transcripts.

Interstate to first designate the page and line numbers of the transcripts that it intends to use at trial, as well as introduce all other parts of the Truncated Exhibits that, in fairness, should be considered with the part introduced. See Fed. R. Civ. P. 32(a)(6) ("If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts."). To alleviate the burden on the Archdiocese and the Court, this Court should require Interstate to designate exactly which portions of the hundreds of pages of deposition transcripts it intends to rely on at trial.

## **CONCLUSION**

For the foregoing reasons, the Archdiocese respectfully requests that the Court grant this Motion in Limine.

PLAINTIFF – THE HARTFORD ROMAN
CATHOLIC DIOCESAN CORPORATION

By   /s/ Elizabeth J. Stewart
    Elizabeth J. Stewart – ct01316
    estewart@murthalaw.com
    Marilyn B. Fagelson – ct17202
    mfagelson@murthalaw.com
    Melissa A. Federico – ct28278
    mfederico@murthalaw.com

Murtha Cullina LLP
265 Church Street
New Haven, Connecticut 06510
Telephone: 203.772.7700
Facsimile:   203.772.7723
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2016, the foregoing Motion in Limine was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

/s/ Elizabeth J. Stewart
Elizabeth J. Stewart