UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HARTFORD ROMAN CATHOLIC DIOCESAN CORPORATION,<br><br>   Plaintiff,<br>v.<br><br>INTERSTATE FIRE & CASUALTY COMPANY<br><br>   Defendant. | CIVIL ACTION<br>NO. 3:12-cv-01641-JBA<br><br><br><br><br>MARCH 29, 2016 |

### PLAINTIFF THE HARTFORD ROMAN CATHOLIC DIOCESAN CORPORATION'S MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO INTERSTATE'S DESIGNATIONS OF THE <u>DEPOSITION TESTIMONY OF JAMES HANSON</u>

Plaintiff, The Hartford Roman Catholic Diocesan Corporation (the "Archdiocese") submits this reply memorandum of law in support of its objections to the admissibility of certain deposition testimony of James Hanson, which testimony Defendant Interstate Fire & Casualty Company ("Interstate") intends to offer at trial. In its opposition to the Archdiocese's objections to Interstate's designations of the deposition testimony of Mr. Hanson ("Interstate's Opposition"), Interstate attempts to remedy its own discovery failings and essentially argues that, during Mr. Hanson's deposition, counsel for the Archdiocese should have objected "better." Pursuant to Fed. R. Civ. P. 30(c)(2), the Archdiocese properly noted its objections on the record, and, as result, it is for the Court – not Interstate – to decide whether to sustain the Archdiocese's objections.

## BACKGROUND

On June 25, 2015, Interstate took a video-taped deposition of Mr. Hanson, an employee of Gallagher Bassett, a third party administrator. Before Interstate's counsel began his examination of Mr. Hanson, the following colloquy occurred on the record:

- [Counsel for Interstate]: And Marilyn, usual stipulations with exceptions of objections on the record?

- [Counsel for the Archdiocese]: Yes.

Deposition of James Hanson ("Hanson Depo.") at 6:21-24. No further stipulations or agreement as to the manner of noting objections occurred.

During Mr. Hanson's deposition, the Archdiocese's counsel noted several objections on the record. At no time did Interstate's counsel ask the Archdiocese's counsel to elaborate on her objections. Instead, Interstate's counsel allowed the Archdiocese's counsel to note her objections, and Interstate's counsel proceeded with his oral examination of Mr. Hanson. For instance, the following exchanged occurred:

- [Counsel for Interstate]: So, there's a certain a la carte nature to the Bishops Plan[?]

- [Counsel for the Archdiocese]: Objection.

- The Witness: That's a fair way to call it.

- [Counsel for the Witness]: She's going to object from time to time, that's normal, you just go ahead and answer.

E.g., Hanson Depo. at 23:12-19. Counsel for Interstate similarly noted his objections without elaboration. For instance:

- [Counsel for the Archdiocese]: What is your understanding of the practical logistics of how defense expenses were paid to Mr. Sitarz's firm?

- [Counsel for Interstate]: Objection.

- [The witness]: Pardon me, sir?

- [Counsel for Interstate]: I just said objection.

Hanson Depo. at 217:5-10. See also, e.g., Id. at 207:22-208:2, 213:11-15, and 221:6-9 (excerpts attached at Tab A).

On February 25, 2016, the Archdiocese sent Interstate its designations of the deposition testimony of Mr. Hanson. On March 14, 2016, Interstate sent the Archdiocese its counter-designations. Just two days later, on March 16, 2016, the Archdiocese provided Interstate with a chart of its previously asserted objections to Interstate's counter-designations, together with a brief explanation of the basis for the objection for review by the Court. There is one typographical error on that chart of the Archdiocese's objections to Interstate's counter designations: 114:17 – 116:2 should be 114:17 – 115:2.[1] (A revised chart is attached at Tab B.) With the correction of that typographical error, for every counter-designation to which the Archdiocese objected on March 16, the Archdiocese had noted an objection during Mr. Hanson's deposition.

Now, in an attempt to avoid the Archdiocese's objections, Interstate claims that the Archdiocese's objections are untimely.

---

[1] By correcting this typographical error, the objection asserted to a single question and answer in the transcript is now properly reflected on the chart. Interstate's argument that the Archdiocese was attempting to expand its asserted objections was thus based on a typographical error. See Interstate's Memorandum of Authorities (ECF 206, at 8).

## ARGUMENT

The Archdiocese properly noted its objections on the record. In effort to circumvent the merits of the Archdiocese's objections, however, Interstate mischaracterizes these objections as "previously un-asserted." Interstate's Opposition at 1. Interstate is wrong.

Fed. R. Civ. P. 30(c)(2) provides:

> An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – <u>must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection</u>.

(Emphasis added). The Advisory Committee Notes following Rule 30 provide:

> Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond. . . . [O]bjections . . . should be limited to those that under Rule 32(d)(3) might be waived if not made at that time . . . . [O]ther objections can, even without the so-called "usual stipulation" preserving objections, be raised for the first time at trial and therefore should be kept to a minimum during a deposition.[2]

With regard to using deposition testimony in court proceedings, Fed. R. Civ. P. 32(b) provides: "<u>an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying</u>." (Emphasis added).

---

[2] Because counsel for the Archdiocese noted the subject objections on the record during Mr. Hanson's deposition, there can be no argument that the objections were waived. See Fed. R. Civ. P. 32(d) (prescribing the rules regarding the waiver of objections).

"To ensure a fair deposition, it is best if counsel state objections to a question in a single word or phrase." Severstal Wheeling Inc. v. WPN Corp., No. 10Civ.954 (LTS)(GWG), 2012 WL 1982132, at *1 (S.D.N.Y. May 30, 2012) (Tab C). "Of course, there are times when it is necessary for counsel to explain the basis for an objection in order to focus and expedite the deposition, but any such explanation should be offered outside the presence of the witness." Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co., No. 09Civ.3701 (JPD)(JCF), 2013 WL 6439069, at *4 (S.D.N.Y. Dec. 9, 2013) (Tab D).

For each of the Archdiocese's objections that Interstate now challenges, counsel for the Archdiocese noted objections on the record as required by Fed. R. Civ. P. 30(c)(2). Counsel for Interstate proceeded with his examination of Mr. Hanson, and, therefore, Mr. Hanson's testimony was taken subject to the Archdiocese's objections, reserving the question of admissibility for the Court to determine when such testimony is offered by Interstate into evidence. See also Falk v. U.S., 53 F.R.D. 113, 115 (D. Conn. 1971) ("Answers obtained by deposition are not automatically entered into evidence at trial. Objections to such admission may be entered at the taking of the deposition or reserved until time of trial."); Shapiro v. Freeman, 38 F.R.D. 308, 311 (S.D.N.Y. 1965) ("It is not the prerogative of counsel, but of the court, to rule on objections. Indeed, if counsel were to rule on the propriety of questions, oral examinations would be quickly reduced to an exasperating cycle of answerless inquiries and court orders.").

In support of its Opposition, Interstate improperly relies on cases in which the parties <u>failed to object at all during depositions</u> and later attempted to object at or shortly before trial. <u>See</u> Interstate's Opposition at 4-7. These decisions are inapposite. Here, the Archdiocese asserted each of the subject objections 9 months ago during Mr. Hanson's deposition, the same procedure that was then followed by Interstate's counsel. Rather than requesting clarification "to rectify the claimed defects through further questioning of Mr. Hanson" (Interstate's Opposition at 4), Interstate chose to sit on its hands for 9 months, until the eve of trial. The Archdiocese properly noted its objections during Mr. Hanson's deposition, and Interstate took Mr. Hanson's testimony subject to the Archdiocese's objections. The Court – not Interstate – should rule on them.

## CONCLUSION

For the foregoing reasons, the Archdiocese respectfully requests that the Court deny Interstate's Opposition and sustain the Archdiocese's objections to Interstate's designations of the deposition of James Hanson.

PLAINTIFF – THE HARTFORD ROMAN
CATHOLIC DIOCESAN CORPORATION

By    /s/ Marilyn B. Fagelson
    Elizabeth J. Stewart – ct01316
    estewart@murthalaw.com
    Marilyn B. Fagelson – ct17202
    mfagelson@murthalaw.com
    Melissa A. Federico – ct28278
    mfederico@murthalaw.com

Murtha Cullina LLP
265 Church Street
New Haven, Connecticut 06510
Telephone: 203.772.7700
Facsimile:   203.772.7723
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2016, the foregoing Memorandum in Support of the Archdiocese's Objections to Interstate's Designations of the Deposition Testimony of James Hanson was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

                                               /s/ Marilyn B. Fagelson
                                              Marilyn B. Fagelson