UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HARTFORD ROMAN CATHOLIC DIOCESAN CORPORATION,<br>　*Plaintiff*,<br>　*v.*<br>INTERSTATE FIRE & CASUALTY COMPANY,<br>　*Defendant*. | Civil No. 3:12cv1641 (JBA)<br><br>April 1, 2016 |

**ORDER ON PRE-TRIAL MOTIONS**

During the pretrial conference held on March 9, 2016, the parties' motions in limine were argued. Based on the briefing and arguments:

1. Plaintiff's motion [Doc. # 171-26] in limine to preclude the admission of Thomas Segalla's expert report is DENIED as MOOT given Interstate Fire & Casualty Co. ("Interstate")'s representation [Doc. # 184] that the report was erroneously marked as a full exhibit but intended for identification purposes only, which error was corrected in the Joint Trial Memorandum.

2. Plaintiff's motion [Doc. # 171-10] in limine to preclude portions of testimony from Mr. Segalla constituting legal conclusions, or which extend beyond Mr. Segalla's areas of expertise, or which speak to the intent or state of mind of any individual is DENIED on Defendant's representation that such testimony will not be offered.

3. Plaintiff's motion [Doc. # 171-18] in limine to preclude Interstate from introducing evidence of prejudice is DENIED given Defendant's clarification that it will not be relying on privileged communications, such that Plaintiff will have the opportunity to respond to Defendant's claims of

material prejudice alleged to have resulted from deficiencies in the information that Plaintiff provided to Defendant. While *Arrowood Indem. Co. v. King*, 304 Conn. 179 (2012), which placed the burden on the insurer to prove prejudice, was specifically about notice requirements in insurance contracts, its rationale for imposing the burden on the insurer appears equally applicable to the breaches of conditions precedent claimed here ("book or records" nonproduction and/or delayed production). *See id.* at 726–27. As in *Arrowood*,

> the task of proving a negative is an inherently difficult one, and it may be further complicated by the opposing party's interest in concealment. Imposing this difficult task on the insured—the party least well equipped to know, let alone demonstrate, the effect of [inadequate] disclosure on the investigatory and legal defense capabilities of the insurer— reduces the likelihood that the fact finder will possess sufficient information to determine whether prejudice has resulted from [inadequate] disclosure.

*Id.*

4. Plaintiff's motion [Doc. # 171-23] in limine to preclude Interstate from introducing evidence of "collusion" (a term used descriptively rather than to mean actionable fraud) is DENIED, as Plaintiff's alleged contrivance with Lloyds during their settlement negotiations may be relevant to Plaintiff's performance of its duties and obligations as well as Interstate's affirmative defenses of bad faith and inequitable conduct, assuming the viability of such affirmative defenses.

5. Plaintiff moves [Doc. ## 171-28, 199] to preclude Interstate from introducing evidence related to the underlying cases whose settlements give rise to the Archdiocese's claims for indemnification, where some declarants will not testify at this trial, and some will, but Plaintiff claims it had no motive to develop the underlying record to address the issues for which these hearsay materials will be offered. To the extent Plaintiff seeks the exclusion of the deposition of the late Father Ferguson, its motion is DENIED, as Father Ferguson is clearly unavailable and his preserved, sworn testimony about his treatment satisfies Federal Rules of Evidence 804 and 807 and Federal Rule of Civil Procedure 32. Plaintiff's motion is otherwise DENIED without prejudice to renew as objections at trial when the purpose and foundation for each exhibit offered will be clearer.

6. Defendant's motion [Doc. # 178] in limine seeking to preclude evidence of other Interstate insureds' experiences that are not substantially similar to what Plaintiff claims and which have not been previously determined to have been unfair insurance practices under CUTPA/CUIPA is DENIED. An evidentiary basis is needed to determine whether any unfair insurance practice proved by Plaintiff is "substantially similar" to Defendant's practices with other Archdioceses and Dioceses seeking indemnification for priest sex abuse claims, regardless of whether there has been an actual adjudication of prior unfair insurance practice. *See Lees v. Middlesex Ins. Co.*, 229 Conn. 842, 848 n.6 (1994) (allowing evidence of suits alleging CUIPA violations against a defendant without findings of liability so long

3

as "additional facts or information" were provided and possessed evidentiary value); *see also Williams v. Safeco Ins. Co. of Am.*, No. FSTCV126016414S, 2015 WL 7421784, at *4 (Conn. Super. Ct. Oct. 28, 2015) ("The [Connecticut] Supreme Court's discussion of the evidence proffered in *Lees* does not set an absolute bar to evidence of prior suits and insurance commissioner claims" even absent a finding of liability).

7. Defendant's motion [Doc. # 177] in limine to preclude Plaintiff's evidence or argument regarding whether Canon 489 files are personnel files that Plaintiff was prohibited from disclosing pursuant to Conn. Gen. Stat. § 31-128f is DENIED to permit Plaintiff to explain its refusal to produce these files as its claimed "reasonable" interpretation of the statute.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 1st day of April, 2016.