UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HARTFORD ROMAN CATHOLIC DIOCESAN CORP.,<br>    *Plaintiff*,<br>    *v.*<br>INTERSTATE FIRE & CASUALTY CO.,<br>    *Defendant*. | Civil No. 3:12cv1641 (JBA)<br><br><br>April 7, 2016 |

**RULING ON PLAINTIFF'S MOTIONS TO STRIKE [Doc. ## 202, 203]**

Plaintiff The Hartford Roman Catholic Diocesan Corporation's (the "Archdiocese") moves [Doc. # # 202, 203] to strike Defendant Interstate Fire & Casualty Company's ("Interstate") objections both to the Archdiocese's Exhibit List for the Joint Trial Memorandum § 8(B) [Doc. # 201] and to Plaintiff's "Other Diocese/Archdiocese" Trial Exhibits 262-321 [Doc. # 200] (collective, the "Supplemental Objections"), on the grounds that these objections are untimely, as the Court's scheduling order required parties to assert their objections prior to the final pretrial conference held on March 9, 2016, yet Interstate filed these objections on March 11, 2016.

Interstate contends that both of the challenged filings were in direct response to the March 9, 2016 pretrial conference. It asserts that its Memorandum of Authorities to Support its Objections to the Archdiocese's Exhibit List for Joint Trial Memorandum § 8(B) [Doc. # 201] was filed in direct response to the Court's request that the parties categorize their respective objections along "fault line[s] that w[ould] put bunches of . . . exhibits or . . . objections in one place" (Def.'s Opp'n Mot. Strike [Doc. # 205] at 2 (citing Transcript at 62)), and that this filing was merely intended to assist the Court in connection with its review of the parties' respective objections and "d[id] not seek to

provide in-depth analysis of case law, nor . . . seek to expand on Interstate's specific objections which were previously filed with the Court on March 4, 2016." (See Trial Memo [Doc. # 173].) Likewise, it claims that its Objections to the Other Diocese/Archdiocese Exhibits Included in the Plaintiff's Exhibit List [Doc. # 200] was filed in direct response to colloquy during the March 9, 2016 pretrial conference, that counsel specifically stated that it would be making such a filing, and that it had previously raised these objections in its filings on March 4, 2016. [1]

The Court will deny the Archdiocese's motions to strike Interstate's Supplemental Objections because: (1) Interstate initially complied with the scheduling order by issuing its objections on March 4, 2016, and its modifications of these objections addressed questions raised during the March 9, 2016 pretrial conference[2] and thus are not "new"

---

[1] Interstate also objected to these exhibits in its motion [Doc. # 178] in limine to preclude evidence related to the Archdiocese's general business practice claim unless and until the Archdiocese first established an unfair insurance practice in the present case. During the pretrial conference on March 9, 2016, the Court denied the Defendant's request to "bifurcate" this evidence. Accordingly, counsel for Interstate notified the Court that because it had only objected to a "whole category" of evidence and "had not gone line by line and made foundation or hearsay or other objections," it "still need[ed] to do that" now that the Court had ruled on its bifurcation request. (Tr. at 78–79.)

[2] In Interstate's objections to the "Other Diocese/Archdiocese" exhibits, it expressly states that it "has included its original chart of objections, but is adding specific discussion about these exhibits given the Court's decision not to bifurcate the evidence." (Obj. to "Other Diocese/Archdiocese" at 1.) Likewise, in its objections to the Archdiocese's Exhibit List, it states that "in an effort to assist the court in its review," it has grouped certain documents into similar categories and that its "specific objections to each of the documents . . . are identical to the objections that were previously submitted on March 4, 2016." (Obj. to Ex. List at 1.)

nor do they raise "new issues and enlarge[e] the scope" of Interstate's original objections[3];

and (2) the Archdiocese has not shown prejudice.


IT IS SO ORDERED.

_/s/_____
Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 7th day of April, 2016.

---

[3] The Archdiocese contends that Interstate expanded its objection to Exhibit 118 by arguing that the exhibit should be precluded because the Archdiocese does not have an expert disclosed on the issue of Canon law. In response, Interstate contends that (1) it is unaware of any court rule preventing it from challenging an undisclosed witness's ability to offer expert testimony at any stage in the proceeding, and (2) during the March 9, 2016 pretrial conference, the Archdiocese's counsel recognized that this witness's proposed testimony could potentially encroach on areas reserved for experts and it was merely responding to this admission. (See Tr. at 5–6.) As stated in the March 17, 2016 pretrial conference, this exhibit remains for identification only.