UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE HARTFORD ROMAN CATHOLIC DIOCESAN, CORP.<br>    *Plaintiff,*<br>v.<br>INTERSTATE FIRE AND CASUALTY CO.<br>    *Defendant.* | Civil No. 3:12cv1641(JBA)<br><br>June 23, 2017 |

**RULING ON DEFENDANT'S OPPOSITION TO PLAINTIFF'S 2016 PRE-JUDGMENT INTEREST CALCULATION**

Plaintiff, Hartford Roman Catholic Diocesan Corporation (the "Archdiocese") brought suit in November 2012 against Defendant Interstate Fire and Casualty Company ("Interstate") for breach of contract (Count One), breach of the covenant of good faith and fair dealing (Count Two), and unfair trade practices in violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), Conn. Gen. Stat. § 38a-815 *et seq.*, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110b (Count Three), arising from Interstate's failure to indemnify the Archdiocese for monies it paid in settlement to four victims of three of its priests' sexual abuse. On July 28, 2016, after a three-week bench trial, judgment entered in the Archdiocese's favor on Count One and in Interstate's favor on Counts Two and Three. (*See* Memorandum of Decision ("Decision") [Doc. # 250] at 2.)

The Court held in the Decision that the Archdiocese "introduced evidence of the amount it would have earned had Interstate paid the claims in a timely manner, in each quarter from the date on which Interstate should have tendered payment until December 2015" and concluded that "those rates should be applied as prejudgment interest." (*Id.* at 95-96 (citing Pl.'s Trial Exs. 180, 181).) Plaintiff submitted its calculation in accordance with the Court's instruction. (*See* Pl.'s

Submission of Prejudgment Interest ("Pl.'s Submission") [Doc. # 252].) However, Defendant objects [Doc. # 254] to Plaintiff's calculation because it argues Exhibits 180, 181 and 181-A are not admissible. (Def.'s Objection at 1.) Defendant makes the same argument it made at trial when it objected to the admissibility of these exhibits–namely that basic foundation requirements were not satisfied, "back-up documentation was never produced in discovery and no expert witness was disclosed to interpret or explain these documents." (*Id.*)

At trial, the Court permitted Defendant to voir dire Mr. Byrne, and ultimately overruled Defendant's objection, reasoning that Mr. Byrne "made a reasonableness assessment of the Capital Trust calculations [and] . . . if these are the returns, the financial reporting quarterly to the Archdiocese to its investment committee . . . that is the performance that's reported, that's relied on, and that this witness says, from his experience, has the indicia of reasonableness that he reviews." The Court reaffirms this ruling.[1]

---

[1] Defendant further objects to "the preliminary and speculative nature" of the document [Doc. # 252-3] attached to the Affidavit of Mathew Byrne as Exhibit 2, titled "Archdiocese of Hartford's Market Values & Preliminary Performance For Traditional Managers July 1-28, 2016." (*Id.* at 2.) The document contains the following "important disclosure:"

> Any opinions expressed are our current opinions only. Assumptions, opinions and estimates constitute CapTrust's judgment as of the date of this material and are subject to change without notice. While the information contained herein is from sources believed reliable, we do not represent that it is accurate or complete and it should not be relied upon as such. CapTrust accepts no liability for loss arising from the use of this material.

(Ex. 2 [Doc. # 252-3] ("Archdiocese of Hartford's Market Values & Preliminary Performance For Traditional Managers July 1-28, 2016") to Pl.'s Submission.) This document calculates Plaintiff's estimated return for July 1-28. The Court finds this evidence sufficient to provide a basis for ordering prejudgment interest in accordance with that rate despite CapTrust's rate disclaimer.

For the foregoing reasons, Defendant's Opposition to Plaintiff's Pre-Judgment Interest Calculation is DENIED. Defendant is ordered to pay prejudgment interest in the amount of $243,789.22. The Clerk shall amend the Judgment accordingly.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 23rd day of June 2017.